**Thurman Victor CUNNINGHAM,
Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 3–92–363–CR.**

Court of Appeals of Texas,
Austin.

Jan. 20, 1993.

Discretionary Review Granted
May 5, 1993.

Richard J. Miller, Killeen, for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Administrative Asst., Belton, for appellee.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

PER CURIAM.

A jury found appellant guilty of murder. Tex. Penal Code Ann. § 19.02 (West 1989). The district court assessed punishment at imprisonment for life.

On December 2, 1991, Eric Lowman, a soldier at Fort Hood, rented two motel rooms in Killeen. That night, Lowman and a number of his friends and acquaintances, including several high school students, had a party in the rooms at which a large quantity of wine and beer was consumed. Among those in attendance at the party were appellant and the deceased, sixteen-year-old Jessica Reeves. When Reeves did not return home the following day, she was reported missing to the police. Reeves's body was found on December 6, lying in the Lampasas River near the Highway 195 bridge south of Killeen. Her skull had been crushed with a large rock, and she had been stabbed in the throat and abdomen with a jagged object, most likely a broken bottle. Blood stains and other evidence established that at least some of these injuries were sustained in one of the motel rooms rented by Lowman.

In a statement given to the police on the day the deceased's body was found, appellant denied any involvement in the murder and said that he last saw Reeves on the night of the party in the company of two men he did not know. Nevertheless, the police investigation soon focused on appellant based on information received from other persons who attended the party. Realizing that the police suspected him, appellant left Killeen and hitchhiked to Andrews, where he was arrested on January 10, 1992. Appellant gave two written statements shortly after his arrest. In these statements, appellant admitted stabbing Reeves with a broken wine bottle during an argument in the motel room. Appel-

lant said that Reeves died as he was driving her to a hospital, and that he then took her body to the river. Appellant claimed that he did not remember dragging the deceased to the river bank or striking her with the rock. Human blood stains were found in appellant's car, but further typing to determine if the blood was that of the deceased was not possible.

Appellant disavowed his confessions during his trial testimony. Instead, appellant testified that while using the motel bathroom, he heard the deceased arguing with Lowman and another person, Tim Marshall. When he returned to the bedroom, appellant saw Reeves sitting on the floor with Marshall standing over her. Marshall was holding a broken bottle, and appellant saw something wet on the bottle and on the deceased's shirt. Appellant attempted to leave but was stopped by Lowman, who appellant knew was armed. Following orders, appellant drove Lowman to the Lampasas River bridge. Marshall and the deceased followed in Lowman's car. At the bridge, appellant fled on foot. Appellant testified that after waiting for some time, he returned to his car and went home.

■ In his first point of error, appellant contends that the district court erred by sustaining the State's hearsay objection to testimony recounting out-of-court statements made by Tim Marshall. The witness in question was Angela Johnson. Johnson testified on appellant's bill of exception that on December 5, the day before Reeves's body was found, Marshall told her that he, appellant, and two other men "beat [the deceased] up with beer bottles." The next day, after the body was found, Marshall told Johnson that

> they sat down and—which is [appellant], Scott, Robert, and him—they sat down and planned to kill her. They made out a plan and how it went and that—that they—he said he would—that he would help beat her with the beer bottles if he had help, and then he started describing how she was cut.

Q. How did he describe that? Okay.

A. He said they had cut her face from about the forehead around her eye and

then down through her mouth—her mouth. They had cut her cheek down to her lips, and they had cut her throat. They had cut her abdomen to where her guts were hanging out, and he described it to me like this.

Q. This was the day that she was found?

A. Yes. This was the day that she was found.

Q. Did he say that was a rumor about him?

A. No, he did not. He told me straight out. At this time there was no rumors flying around about what was going on.

Appellant argues that Marshall's statements to Johnson were admissible as statements against penal interest. Tex.R.Crim. Evid. 803(24). In sustaining the State's objection to the proffered testimony, the district court found that Marshall's statements were not sufficiently corroborated to be admissible under the rule.

Rule 803(24) provides that a statement is not excluded by the hearsay rule, even if the declarant is available as a witness, if at the time it was made it "so far tended to subject [the declarant] to ... criminal liability ... that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." *Id.* The corroboration requirement reflects the longstanding belief that, in criminal cases, the possibility of criminal liability is alone not sufficient to assure the requirement of trustworthiness. *See Ramirez v. State*, 543 S.W.2d 631, 633 (Tex.Crim.App. 1976).

■ It has been suggested that to determine the adequacy of the corroborating circumstances under rule 803(24), courts should use the test employed in cases involving accomplice witness testimony. *Williams v. State*, 800 S.W.2d 364, 367–68 (Tex.App.—Fort Worth 1990), *pet. ref'd*, 805 S.W.2d 474 (Tex.Crim.App.1991);

*Reynolds v. State*, 744 S.W.2d 156, 161 (Tex.App.—Amarillo 1987, pet. ref'd). That is, the corroboration is sufficient if there is "other evidence tending to connect the defendant with the offense committed." Tex. Code Crim.Proc.Ann. art. 38.14 (West 1979). This Court believes, however, that article 38.14 does not supply the proper test for corroboration of a statement against penal interest. First, the question under rule 803(24) is not whether the circumstances corroborate the defendant's guilt, but whether the circumstances corroborate the declarant's admission of criminal activity. Second, the criminal act admitted by the declarant need not be the offense for which the defendant is on trial. If relevant, an out-of-court statement tending to subject the declarant to criminal liability for any offense is admissible under rule 803(24).

■■■ Keeping in mind the purpose of the corroboration requirement, we believe that a statement against penal interest is adequately corroborated if there is other evidence reasonably tending to establish that the statement is not a fabrication. In general, the trustworthiness of the statement is clearly indicated when: 1) there is evidence independent of the statement itself that tends either directly or circumstantially to establish the truth of the matter asserted by the statement; or 2) there is additional evidence of the veracity of the declarant beyond that inherent in the potential for criminal liability, such as proof that the statement was against the declarant's interest to an unusual or devastating degree, that the declarant repeated his story often and consistently, or that he could not have been motivated to falsify for the benefit of the accused. *See* 4 David W. Louisell & Christopher B. Mueller, *Federal Evidence* § 489, at 1159–60 (1980) (commenting on Fed.R.Evid. 804(b)(3), from which rule 803(24) is derived).

As a corroborating circumstance in this cause, appellant argues that Marshall's statements to Johnson demonstrated a familiarity with the injuries to the deceased that could only come from having been present when they were inflicted. We be-

lieve, however, that the district court could reasonably conclude that Marshall's descriptions of the assault were not of such accuracy as to provide the necessary assurance that his statements were not a fabrication. For example, Marshall told Johnson on the day before the body was found that he and the others had beaten Reeves with beer bottles, but the evidence suggests that the injuries to the deceased's head were inflicted by the large rock found lying near her body. While Marshall accurately stated that Reeves was stabbed in the throat and abdomen, this statement was made on the day the body was found and the record does not support appellant's assertion that Marshall could not have learned of the nature of the wounds before speaking to Johnson. Moreover, Marshall's claim that the deceased's face had been slashed from her forehead to her chin was false.

■■ Appellant also argues that Marshall's statements to Johnson were corroborated by appellant's own testimony, in which he described hearing Reeves argue with Marshall and Lowman, finding Marshall standing over Reeves with a broken bottle in his hand, and being forced to accompany Marshall and Lowman to the bridge where Reeves's body was later found. We believe, however, that it would be inconsistent with the intent of rule 803(24) to permit the accused to corroborate an alleged out-of-court statement against penal interest through his own self-serving testimony. To permit the defendant to supply the requisite corroboration through his own testimony would encourage fabrication rather than discourage it.

Finally, appellant contends that Marshall's presence at the party is a circumstance that corroborates his statements against penal interest. But several other people were also present at the party, and this fact adds little, if any, credence to Marshall's claim to have been involved in the murder.

Preliminary questions concerning the admissibility of evidence are determined by the court. Tex.R.Crim.Evid. 104(a). We hold that the district court in this cause did

not abuse its discretion by determining that the proffered statements against penal interest were not corroborated by circumstances clearly indicating their trustworthiness.

■ We further hold that if the court did err by excluding Marshall's statements to Johnson, the error was harmless beyond a reasonable doubt. Tex.R.App.P. 81(b); *Harris v. State,* 790 S.W.2d 568, 587 (Tex. Crim.App.1989). During cross-examination before the jury, Marshall admitted telling several people that he killed Reeves. Marshall said, however, that these statements were not true and that he had merely been repeating rumors. As he explained during redirect examination, "I didn't, you know, like tell them that I actually did it. I was just telling them that this is how the rumor went." Thus, the jury knew that Marshall had made statements admitting an involvement in the murder, although this admission was qualified by his claim that he had been repeating inaccurate rumors. In addition, Marshall's statements to Johnson did not exculpate appellant. To the contrary, Marshall told Johnson that appellant was one of the people involved with him in the murder. Had Johnson been permitted to testify as she did on the bill of exception, her testimony would have rebutted appellant's testimony denying any wrongdoing and corroborated the State's evidence linking appellant to the murder. Under the circumstances, we are confident that the exclusion of this testimony, if error, made no contribution to the conviction or to the punishment. Point of error one is overruled.

■ By his second point of error, appellant contends that Johnson's testimony concerning Marshall's out-of-court statements should have been admitted to impeach Marshall's trial testimony. Tex.R.Crim.Evid. 607, 612(a). This contention was not preserved for review, as the record reflects that appellant did not present this contention to the district court when the evidence was offered for admission. Tex.R.App.P. 52(a); Tex.R.Crim.Evid. 103(a)(1). Point of error two is overruled.

■ Appellant's third point of error complains of the district court's failure to make and file written findings of fact and conclusions of law on the voluntariness of his confessions. Tex.Code Crim.Proc.Ann. art. 38.22, § 6 (West 1979). This contention was rendered moot when, after appellant's brief was filed, the court's written findings and conclusions were forwarded to this Court in a supplemental transcript. Appellant does not challenge the court's conclusion that his statements to the police were voluntary. Point of error three is overruled.

■ In his final point of error, appellant urges that the court erred by admitting in evidence a letter written by Noland Gates, appellant's cellmate, to the district attorney's office. Appellant contends that the letter was hearsay, its admission constituted improper bolstering of Gate's testimony, and the probative value of the letter was outweighed by the danger of unfair prejudice. We will not address the latter two contentions because appellant did not object to the admission of the letter on those grounds. Tex.R.App.P. 52(a); Tex.R.Crim. Evid. 103(a)(1).

Appellant's hearsay argument under this point of error complains only of the admission of that part of the letter describing statements made by appellant to Gates. In the letter, Gates said appellant told him that he intended to lie about his confessions being coerced and that he "told me his involvement in the murder, but also, Tim, and a guy named Eric also. And where he threw his seat covers with blood." Appellant argues that these statements to Gates were not corroborated and thus were not admissible as statements against penal interest. Tex.R.Crim.Evid. 803(24).

Appellant's reliance on rule 803(24) is misplaced. An out-of-court statement by a party offered against the party is admissible as an admission by party-opponent. Tex.R.Crim.Evid. 801(e)(2). Such a statement is not subject to the requirements of rule 803(24). 33 Steven Goode, Olin G. Wellborn III, & M. Michael Sharlot, *Guide to the Texas Rules of Evidence: Civil and*

*Criminal* § 803.29 (Texas Practice Supp. 1992). Point of error four is overruled.

The judgment of conviction is affirmed.