**Thurman Victor CUNNINGHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 234–93.

Court of Criminal Appeals of Texas, En Banc.

May 25, 1994.

Troy C. Hurley, Belton, for appellant.

Arthur C. (Cappy) Eads, Dist. Atty. and James T. Russell, Asst. Dist. Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

Before the court en banc.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

MALONEY, Judge.

A jury found appellant guilty of murder. The trial court assessed punishment at confinement for life. The Court of Appeals affirmed. *Cunningham v. State,* 846 S.W.2d 147 (Tex.App.—Austin 1993). We granted appellant's petition for discretionary review to determine whether the Court of Appeals applied a proper standard in finding that statements against penal interest were not sufficiently corroborated so as to be admissible under Tex.R.Crim.Evid. 803(24).

On the night of December 3, 1991, appellant and the victim attended a party hosted by Eric Lowman at a motel in Killeen. Lowman had rented two motel rooms for purposes of the party. Later that night Low-

man left the party to drive one of the guests, Tim Marshall, home and, upon returning to the motel he observed the victim and appellant standing outside the motel room by appellant's car. Lowman then went to sleep in the upstairs motel room. When he awoke the next day about 10:30 a.m. he found the motel room where the party had been was in disarray. He saw a blood stain on the floor, broken bottles all over, and further noticed that the bedspread was missing.

The victim was reported missing the day after the party. Her body was discovered on December 6, in the Lampasas River near a bridge south of Killeen. She was covered with the bedspread from the motel room, her skull had been crushed, presumably by using a large rock, and she had been stabbed in the throat and abdomen with a jagged object, probably a broken bottle.

On the day the victim's body was found, appellant, while being questioned by the police, denied any involvement in the murder and stated that he last saw her on the night of the party with two men he did not know. Police sought to question appellant further, but found that he had left Killeen. On January 10, 1992, he was arrested in Andrews. Shortly after his arrest, appellant gave two written statements in which he admitted stabbing the victim with a broken wine bottle during an argument in the motel room. He claimed the victim died as he was driving her to a hospital. He then took her body to the river. Appellant stated that he did not remember striking her with a rock or dragging her to the river.

At trial appellant repudiated his earlier written statements and testified that while he was in the bathroom in the motel room, he heard the victim arguing with Lowman and Marshall. When he went into the room he saw the victim sitting on the floor and Marshall standing over her. Marshall was holding a piece of bottle and appellant saw something wet on the victim's shirt and on the bottle. Appellant testified that he tried to leave but Lowman threatened him. Marshall then helped the victim outside and into Lowman's car. Lowman and appellant got into appellant's car. Following Lowman's orders, appellant drove to the Lampasas River bridge while Marshall followed in Lowman's car. When they reached the bridge, appellant fled on foot. Later he returned to his car and went home.

During presentation of his case appellant called as a witness Angela Johnson, a friend of Marshall's. However, the trial court sustained the prosecutor's hearsay objections to Johnson's testimony concerning out-of-court statements made by Marshall to Johnson. On appellant's bill of exception Johnson testified that on the day before the victim's body was found, Marshall told her that he, appellant, and two other men beat the victim with beer bottles. Johnson further testified that after the victim's body was found Marshall told her:

> [T]hey sat down and—which is Victor [appellant], Scott, Robert, and him— they sat down and planned to kill her. They made out a plan and ... he said he would—that he would help beat her with the beer bottles if he had help, and then he started describing how she was cut.

Q. How did he describe that? Okay.

A. He said they had cut her face from about the forehead around her eye and then down through her mouth—her mouth. They had cut her cheek down to her lips, and they had cut her throat. They had cut her abdomen to where her guts were hanging out, and he described it to me like this.

Appellant argued that Marshall's out-of-court statements were admissible under TEX. R.CRIM.EVID. 803(24) as statements against penal interest.[1] The trial court refused to

---

1. Rule 803(24) states:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

**(24) Statement against interest.** A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, or to make him an object of hatred, ridicule, or disgrace, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances

admit the statements because they were not sufficiently corroborated as to trustworthiness.

The Court of Appeals held that a statement against penal interest is adequately corroborated if:

there is other evidence reasonably tending to establish that the statement is not a fabrication. In general, the trustworthiness of the statement is clearly indicated when: 1) there is evidence independent of the statement itself that tends either directly or circumstantially to establish the truth of the matter asserted by the statement; or 2) there is additional evidence of the veracity of the declarant beyond that inherent in the potential for criminal liability, such as proof that the statement was against the declarant's interest to an unusual or devastating degree, that the declarant repeated his story often and consistently, or that he could not have been motivated to falsify for the benefit of the accused. See 4 David W. Louisell & Christopher B. Mueller, Federal Evidence § 489, at 1159–60 (1980) (commenting on Fed.R.Evid. 804(b)(3), from which rule 803(24) is derived).

*Cunningham,* 846 S.W.2d at 150. The Court of Appeals stated that the trial court could reasonably conclude that Marshall's descriptions of the assault were not of such accuracy as to assure his statements were not a fabrication. The court cited as an example Marshall's claim to have beaten the victim with beer bottles when the evidence indicated she was battered with a large rock found near the body. Also, although Marshall correctly stated the victim was stabbed in the throat and abdomen, he said this after the body had been found and there was no showing he could not have learned of the nature of the wounds before he spoke to Johnson. Further, his claim that the victim's face had been slashed was false. The Court of Appeals concluded that the trial court did not abuse its discretion by finding Marshall's statements were not sufficiently corroborated so as to be admissible under Rule 803(24).

 We granted appellant's petition to determine the proper test for the corrobora-

clearly indicate the trustworthiness of the

tion requirement in Rule 803(24) and whether the Court of Appeals applied the proper test. We recently addressed this exact issue in *Davis v. State,* 872 S.W.2d 743 (Tex.Crim. App.1994), *rehearing denied* (Mar. 30, 1994), where we held that no definitive test could be fashioned because a variety of factors may be considered in evaluating corroborating circumstances for purposes of Rule 803(24). *Id.* at 749. Factors may include whether the guilt of the declarant is inconsistent with the guilt of the accused; whether the declarant was so situated that he might have committed the crime; the timing of the declaration and its spontaneity; the party to whom the declaration was made; and the existence of independent corroborating facts. *Id.* The trial court may consider evidence which undermines the reliability of the statement as well as evidence corroborating its trustworthiness. We cautioned that the credibility of the in-court witness is not an issue for the trial court. Such credibility determination is clearly within the jury's realm. *Id.* at 749 (recognizing some federal courts have focused on credibility of in-court witness, but following federal courts rejecting that approach as encroaching on role of jury). In sum, the corroborating circumstances cannot be "defined with precision." 4 David W. Louisell and Christopher B. Mueller, Federal Evidence § 489 at 1152 (1980). The overriding consideration is that the requirement of corroboration should be utilized and construed in such a manner as to effectuate its purpose of circumventing fabrication. Fed.R.Evid. 804, Advisory Committee's Note.

Although the Court of Appeals did not have the benefit of our opinion in *Davis,* the test applied by that court in determining the existence of corroborating circumstances was consistent with the factors set forth in *Davis.* The Court of Appeals held that two factors should be considered: (1) independent evidence of the statement's trustworthiness and (2) evidence of the veracity of the declarant. *Cunningham,* 846 S.W.2d at 150. We recognized in *Davis* that both of these factors, among others, were proper considerations. While the Court of Appeals did not consider

statement.

every factor we set forth in *Davis*, its analysis of the circumstances was, for the most part, in line with *Davis*.[2] The Court considered the timing of the out-of-court statement and the accuracy of the content of the statement when compared with the medical proof.

■ Whether corroborating circumstances clearly indicate trustworthiness lies within the sound discretion of the trial court. The standard for appellate review of a trial court's decision to exclude a hearsay statement under Rule 803(24) is whether the trial court abused its discretion. *See United States v. Satterfield*, 572 F.2d 687, 690 (9th Cir.), *cert. denied*, 439 U.S. 840, 99 S.Ct. 128, 58 L.Ed.2d 138 (1978); *cf. United States v. Bagley*, 537 F.2d 162 (5th Cir.1976), *cert.* *denied*, 429 U.S. 1075, 97 S.Ct. 816, 50 L.Ed.2d 794 (1977) (utilizes a clearly erroneous standard for appellate review); *see also Montgomery v. State*, 810 S.W.2d 372, 390–93 (Tex.Crim.App.1990) (general discussion of abuse of discretion for trial court's action in determining relevance). Appellate courts will conduct this review by examining pertinent factors, favorable and unfavorable, which are relevant to corroborating circumstances. In the instant case factors applied by the Court of Appeals such as the timing of the statements and evidence independent of the statements themselves are useful in evaluating the trustworthiness of the statements. *Davis*, at 749 (among relevant factors for consideration are timing of statement and facts independent of statement).[3] The Court

---

2. We note, however, that we do not agree with the Court of Appeals' statement that "it would be inconsistent with the intent of rule 803(24) to permit the accused to corroborate an alleged out-of-court statement against penal interest through his own self-serving testimony. To permit the defendant to supply the requisite corroboration through his own testimony would encourage fabrication rather than discourage it." *Cunningham*, 846 S.W.2d at 150. We cannot agree that consistent (or for that matter inconsistent) testimony from the defendant, or any party, is not a valid consideration in assessing trustworthiness. Moreover, we think the risk that such a rule would encourage defendants to fabricate is insignificant in light of the risk of rigorous cross-examination and appearing incredible before the jury.

3. Our review of the record shows that the following circumstances corroborate the trustworthiness of Marshall's statements to Johnson:
(1) The statements implicating Marshall with appellant were against Marshall's penal interest when said because the statements made Marshall a party to murder at a time the police were still investigating to determine who had committed the murder.
(2) The statements accurately described some of the injuries, specifically, that the victim had been stabbed in the throat and abdomen.
(3) Marshall was present at the party so as to have the opportunity to have participated in the murder.
(4) Marshall may have had a motive to murder the victim. While testifying on the bill of exception, Johnson stated that Marshall said the victim used to get friends to beat him up and steal his money and drugs.
(5) Marshall related these statements to Johnson, a person he may have considered a friend.
(6) Appellant's trial testimony reflected that Marshall might have stabbed the victim in the stomach with a piece of bottle.

However, other circumstances indicate the statements are untrustworthy:
(1) Marshall's statements describing the injuries inflicted upon the victim were wrong in some significant aspects. His statement made before the body was discovered, claiming that the victim had been beaten with beer bottles was untrue. His claim that the victim face had been slashed was untrue.
(2) Marshall's statement that the victim had been stabbed in the throat and abdomen was made on the day the body was discovered and there is no showing Marshall could not have learned of the general nature of the wounds before speaking to Johnson.
(3) As the Court of Appeals noted, Marshall's presence at the party was not a strong corroborating factor because others were also present at the time.
(4) Lowman's testimony and Marshall's testimony show Marshall was not present when the victim was last seen alive with appellant.
Under Rule 803(24) the evidence of corroborating circumstances must *clearly* indicate trustworthiness. The significant disparities in Marshall's description of the injuries suffered by the victim weighs against admission and undermines his statements, which rested in large part for corroboration, upon Marshall's description of the victim injuries. Marshall's presence at the party does not show much more than that he was there along with others. Marshall's alleged motive to murder the victim was not supported by anything other than that it was said as part of the statement itself. Appellant's testimony indicating that Marshall might have stabbed the victim in the stomach is of limited significance in light of his two written confessions to the contrary. In his written confessions appellant admitted to acting alone in stabbing the victim in the stomach and throat.

of Appeals applied appropriate factors to evaluate the trial court's decision that corroborating circumstances did not clearly indicate the trustworthiness of Marshall's statements. The timing of the statement concerning the description of the injuries and contrary independent evidence were factors indicating a lack of trustworthiness. None of the factors listed in *Davis,* but not apparently considered by the Court of Appeals, would change the outcome of its decision.

Where, as here, the circumstances indicating trustworthiness were at least equally met by circumstances indicating lack of trustworthiness, we cannot say the Court of Appeals erred in concluding that the trial court did not abuse its discretion in finding that the circumstances did not *clearly* indicate trustworthiness. The judgment of the Court of Appeals is affirmed.

McCORMICK, P.J., concurs in the result.