TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00460-CR







Raymond Simmons, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 94-030, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of burglary of a building. Penal Code, 63d Leg.,
R.S., ch. 399, sec. 1, § 30.02, 1973 Tex. Gen. Laws 883, 926 (Tex. Penal Code Ann. § 30.02,
since amended). The district court assessed punishment, enhanced by two previous felony
convictions, at imprisonment for thirty-five years.

 In November 1993, appellant was living with and working for Johnny Foster. On
the day in question, appellant borrowed Foster's pickup ostensibly to run a personal errand. In
fact, appellant drove to Foster's property in rural Caldwell County and, using a key on the same
key chain that held the pickup key, entered a locked storage shed. Appellant took an arc welder
and other items which he later sold. Appellant was present when Foster discovered the burglary
and admitted his guilt to Foster at that time. Foster also testified that appellant did not have his
permission to enter the shed. 

 In point of error one, appellant contends the district court erred by overruling his
hearsay objection to Foster's testimony relating appellant's out-of-court admissions. Appellant
contends his statements to Foster were not corroborated as required by the rule governing the
admission of statements against penal interest. Tex. R. Crim. Evid. 803(24). This argument fails
because an out-of-court statement by a party offered against the party is not hearsay and therefore
is not subject to the requirements of rule 803(24). Tex. R. Crim. Evid. 801(e)(2); Cunningham
v. State, 846 S.W.2d 147, 151 (Tex. App.--Austin 1993), aff'd, 877 S.W.2d 310 (Tex. Crim.
App. 1994). Point of error one is overruled.

 Appellant's other point of error is that the court erred by refusing to instruct the
jury on the lesser included offense of theft. The indictment alleged that appellant entered the
building without Foster's effective consent and with the intent to commit theft. Sec. 30.02(a)(1). 
Theft is not a lesser included offense of burglary under section 30.02(a)(1) because proof of a
completed theft is not required to prove burglary with intent to commit theft. Garcia v. State, 571
S.W.2d 896, 899 (Tex. Crim. App. 1978); Tex. Code Crim. Proc. Ann. art. 37.09(1) (West
1981); see Jacob v. State, 892 S.W.2d 905 (Tex. Crim. App. 1995) (test for lesser included
offense under article 37.09(1)). Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: June 7, 1995

Do Not Publish