TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00431-CR







Samuel Cortez Vasquez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT


NO. 3746, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING








 A jury found appellant, Samuel Cortez Vasquez, guilty of burglary. See Tex. Penal
Code Ann. § 30.02 (West 1994 & Supp. 1997). (1) The jury assessed punishment at seventy-five years'
imprisonment and a $10,000 fine. In five points of error, appellant contends (1) his trial counsel
rendered ineffective assistance; (2) the trial court erred in refusing to appoint an investigator; (3) the
trial court erred in admitting certain evidence; and (4) the evidence is legally and factually
insufficient to support appellant's conviction. We will affirm.



FACTUAL AND PROCEDURAL BACKGROUND


 In November 1989, Dr. Antoine Albert's home in Runnels County was burglarized. 
Among the items taken were a television set, VCR, camera, leather coat, and clock radio. Dr. Albert
reported the theft to the local police department.

 The day after the burglary, appellant and Concepcion Perez went to 1209 South Bell
Street in San Angelo attempting to sell some personal property. The house on Bell was known in
the area as a place to sell or "fence" stolen property. In reality, the house was a "sting" operation set
up by the San Angelo Police Department in an attempt to catch thieves and recover stolen property. 
Appellant was videotaped selling a television set, VCR, camera, leather coat, and clock radio to the
undercover officer. These items were later identified as the property stolen from Dr. Albert's home,
and appellant was arrested. Appellant was charged with and convicted of burglary. Appellant filed
a motion for new trial that was overruled by operation of law. This appeal followed.


DISCUSSION


 In point of error one, appellant contends his trial counsel rendered ineffective
assistance by failing to properly question potential jurors during voir dire. In Strickland v.
Washington, 466 U.S. 668 (1984), the United States Supreme Court held that, to show ineffective
assistance of counsel, a convicted defendant must first show that counsel's performance was
deficient, i.e., that counsel's performance fell below a minimum objective level of reasonableness. 
The defendant must also show prejudice, i.e., that but for counsel's unprofessional errors, the result
of the proceeding would have been different. Id. at 686. Unless a defendant makes both showings,
it cannot be said that the conviction resulted from a breakdown in the adversary process that renders
the result unreliable. Id. at 687. Texas adopted this test in Hernandez v. State, 726 S.W.2d 53 (Tex.
Crim. App. 1986). See O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, no pet.).

 In determining whether counsel's trial performance was deficient, judicial scrutiny
must be highly deferential. A reviewing court must indulge a strong presumption that counsel's
conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at
689. An ineffectiveness-of-counsel claim cannot be demonstrated by isolating one portion of
counsel's representation, but instead must be judged on the totality of the representation. Strickland,
466 U.S. at 670; McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), cert. denied, 508
U.S. 963 (1993).

 Appellant has the burden of proving ineffective assistance of counsel. In the present
case, no hearing was held on the motion for new trial. Thus, appellant has not brought to this Court
any evidentiary record showing the reasons for his attorney's actions, and we can only speculate on
trial counsel's strategy. Due to the absence of evidence concerning counsel's reasons--or lack
thereof--for his actions, we are unable to conclude that his performance was deficient. See Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). As previously discussed, in accordance with
Strickland, we must presume that appellant's counsel was better positioned than this Court to judge
the practicalities of the particular case and that he made all significant decisions in the exercise of
reasonable professional judgment. See Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App.
1992). In the absence of evidence demonstrating the reasons for counsel's actions, the record in the
instant case does not rebut the presumption of effectiveness afforded trial counsel's decisions. See
Jackson, 877 S.W.2d at 772 (Baird, J., concurring). We overrule point of error one.

 In his second point of error, appellant contends the trial court erred in refusing to
appoint an investigator. Specifically, appellant argues that there was evidence indicating juror
misconduct and due to appellant's indigency, a court-appointed investigator was necessary to
interview jurors about any potential misconduct. Article 26.05 of the Texas Code of Criminal
Procedure authorizes reimbursement of reasonable fees for an investigator with prior court approval. 
See Tex. Code Crim. Proc. Ann. art. 26.05 (West 1989). However, article 26.05 does not require
the trial court to appoint an investigator merely upon the request of counsel. Additionally, it is well
settled that an appellant complaining of improper action under article 26.05 must show, by way of
evidence in the record, how he was harmed or injured by such action. Reed v. State, 644 S.W.2d
479, 481 (Tex. Crim. App. 1983). Appellant has failed to demonstrate any harm by the trial court's
refusal to appoint an investigator. We overrule point of error two.

 In his third point of error, appellant argues the trial court erred in admitting into
evidence the sworn statement of Concepcion Perez, who was not a party in this case, confessing to
the burglary of items from Dr. Albert's home. Specifically, appellant contends the statement was
improperly introduced because Perez was available to testify, relying on rule 804 of the Texas Rules
of Criminal Evidence. However, the statement was expressly offered into evidence pursuant to
Texas Rule of Criminal Evidence 803(24), not rule 804. See Tex. R. Crim. Evid. 803(24) (hearsay
statement is admissible if (1) it so tends to subject declarant to criminal liability that a reasonable
man would not have made it unless he believed it to be true, and (2) corroborating circumstances
clearly indicate the trustworthiness of the statement); see also Burks v. State, 876 S.W.2d 877,
904-05 (Tex. Crim. App. 1994). Moreover, appellant did not object to the statement's admissibility
on the basis of rule 804; rather, appellant's objections were based on other evidentiary rules. Thus,
nothing is preserved for our review. See Martinez v. State, 867 S.W.2d 30, 40 (Tex. Crim. App.
1993), cert. denied, 114 S. Ct. 2765 (1994) (citing Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim.
App. 1990)) (when objection at trial is different from complaint raised on appeal, nothing is
preserved for appellate review).

 Even if appellant had preserved error, we would conclude that the trial court did not
err in admitting Concepcion's statement. The "statement against penal interest" exception to the
hearsay rule that is embodied in rule 803(24) is most commonly used by a defendant seeking to
exculpate himself with evidence of an out-of-court confession by a third party. But rule 803(24)
recognizes the possibility that a statement against the declarant's penal interest also may implicate
the accused, and may be presented by the State to inculpate the defendant. McFarland v. State, 845
S.W.2d 824, 835-36 (Tex. Crim. App.1992).

 To be admissible against the accused as a statement against penal interest, a
declarant's out-of-court statement inculpating the accused must be truly self-inculpatory as well. 
Cofield v. State, 891 S.W.2d 952 (Tex. Crim. App.1994). Whether a statement is in fact against the
interest of the declarant must be determined from the circumstances of each case. Id. at 956. Under
the facts of this case, we believe Concepcion's confession to the police was truly self-inculpatory
and was corroborated by circumstances clearly indicating its trustworthiness. See Cunningham v.
State, 846 S.W.2d 147, 150 (Tex. App.--Austin 1993), aff'd, 877 S.W.2d 310 (Tex. Crim. App.
1994). Thus, it was properly admissible under rule 803(24). We overrule point of error three.

 In his fourth and fifth points of error, appellant argues that the evidence is both legally
and factually insufficient to support his conviction. In examining the legal sufficiency of the
evidence, we review the entire record in the light most favorable to the verdict and determine
whether any rational trier of fact could have found all of the elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Little v. State, 758 S.W.2d 551,
562 (Tex. Crim. App.), cert. denied, 488 U.S. 934 (1988). This standard is applied in both direct and
circumstantial evidence cases. Herndon v. State, 787 S.W.2d 408, 409 (Tex. Crim. App. 1990).

 Appellant contends the mere fact that he sold stolen property is not sufficient to
establish his guilt of burglary beyond a reasonable doubt. However, direct evidence that appellant
actually entered Dr. Albert's home is unnecessary if the record nevertheless discloses that a burglary
occurred. See Nelson v. State, 905 S.W.2d 63, 64 (Tex. App.--Amarillo 1995, no pet.). When there
is independent evidence of a burglary, the unexplained personal possession of recently stolen
property will support an inference of guilt of the offense in which the property was stolen. Hardesty
v. State, 656 S.W.2d 73,76 (Tex. Crim. App. 1983). In order to warrant an inference of guilt from
the evidence of possession alone, the possession must be personal, recent, and unexplained, and must
involve a distinct and conscious assertion of the right to the property by the defendant. Jackson v.
State, 645 S.W.2d 303, 306 (Tex. Crim. App. 1983); Hood v. State, 860 S.W.2d 931, 935 (Tex.
App.--Texarkana 1993, no pet.). In the present case, Dr. Albert testified that certain items were
stolen from his home. A surveillance camera videotape showed appellant and Concepcion Perez
selling the property stolen from Dr. Albert's house the day after the property was reported missing. 
The videotape clearly evinces appellant's assertion of a right to the property. Further, appellant
provided no explanation as to his possession of Dr. Albert's property. Additionally, Concepcion
Perez's confession to the offense was in evidence, and the jury could have reasonably concluded that
since both men participated in the sale of the property both men participated in the theft of the
property. We hold that the evidence is sufficient to allow a jury to conclude beyond a reasonable
doubt that appellant committed the offense of burglary.

 When reviewing the factual sufficiency of the evidence, we must view all the
evidence without the prism of "in the light most favorable to the prosecution" and can set aside the
judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. Clewis v. State, 922 S.W.2d 126, 132-33 (Tex. Crim. App. 1996); see Stone v. State, 823
S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely filed). We have reviewed all the
evidence in the present case using the foregoing standard, and we conclude that the verdict is not so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We overrule
points of error four and five.


CONCLUSION


 Having overruled appellant's points of error, we affirm the judgment of conviction.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: May 15, 1997

Do Not Publish

1. Appellant was prosecuted under Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 30.02,
1973 Tex. Gen Laws 883, 926, but since there have been no substantive changes we will cite the
current code for convenience.


as truly self-inculpatory
and was corroborated by circumstances clearly indicating its trustworthiness. See Cunningham v.
State, 846 S.W.2d 147, 150 (Tex. App.--Austin 1993), aff'd, 877 S.W.2d 310 (Tex. Crim. App.
1994). Thus, it was properly admissible under rule 803(24). We overrule point of error three.

 In his fourth and fifth points of error, appellant argues that the evidence is both legally
and factually insufficient to support his conviction. In examining the legal sufficiency of the
evidence, we review the entire record in the light most favorable to the verdict and determine
whether any rational trier of fact could have found all of the elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Little v. State, 758 S.W.2d 551,
562 (Tex. Crim. App.), cert. denied, 488 U.S. 934 (1988). This standard is applied in both direct and
circumstantial evidence cases. Herndon v. State, 787 S.W.2d 408, 409 (Tex. Crim. App. 1990).

 Appellant contends the mere fact that he sold stolen property is not sufficient to
establish his guilt of burglary beyond a reasonable doubt. However, direct evidence that appellant
actually entered Dr. Albert's home is unnecessary if the record nevertheless discloses that a burglary
occurred. See Nelson v. State, 905 S.W.2d 63, 64 (Tex. App.--Amarillo 1995, no pet.). When there
is independent evidence of a burglary, the unexplained personal possession of recently stolen
property will support an inference of guilt of the offense in which the property was stolen. Hardesty
v. State, 656 S.W.2d 73,76 (Tex. Crim. App. 1983). In order to warrant an inference of guilt from
the evidence of possession alone, the possession must be personal, recent, and unexplained, and must
involve a distinct and conscious assertion of the right to the property by the defendant. Jackson v.
State, 645 S.W.2d 303, 306 (Tex. Crim. App. 1983); Hood v. State, 860 S.W.2d 931, 935 (Tex.
App.--Texarkana 1993, no pet.). In the present case, Dr. Albert testified that certain items were
stolen from his home. A surveillance camera videotape showed appellant and Concepcion Perez
selling the property stolen from Dr. Albert's house the day after the property was reported missing. 
The videotape clearly evinces appellant's assertion of a right to the property. Further, appellant
provided no explanation as to his possession of Dr. Albert's property. Additionally, Concepcion
Perez's confession to the offense was in evidence, and the jury could have reasonably concluded that
since both men participated in the sale of the property both men participated in the theft of the
property. We hold that the evidence is sufficient to allow a jury to conclude beyond a reasonable
doubt that appellant committed the offense of burglary.

 When reviewing the factual sufficiency of the evidence, we must view all the
evidence without the prism of "in the light most favorable to the prosecution" and can set aside the
judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. Clewis v. State, 922 S.W.2d 126, 132-33 (Tex. Crim. App. 1996); see Stone v. State, 823
S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely filed). We have reviewed all the
evidence in the present case using the foregoing standard, and we conclude that the verdict is not so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We overrule
points of error four and five.


CONCLUSION