TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00335-CR







Woodard Toler, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0975345, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING








 Woodard Toler, appellant, was convicted by a jury of sexual assault, and the court
assessed punishment at imprisonment for twenty years. See Tex. Penal Code Ann. § 22.011
(a)(1)(A), (b)(1) (West Supp. 1999). Appellant contends in two points of error that the trial court
erred by admitting hearsay evidence from the person who heard the complaining witness's outcry
statement after the offense occurred, and by admitting the testimony of a television reporter about
a statement appellant made denying the offense. We will affirm the judgment of conviction. 


Background The complaining witness, E.G., was a nineteen-year-old student at both the Texas
School for the Deaf and the School for the Blind. She spent part of the week at one school, and
the rest of the week at the other. She was blind, with some limited hearing ability. Appellant was
a driver of a cab for Capitol Metro Special Transit System. E.G. called for a cab to take her on
her weekly trip from the School for the Blind to the School for the Deaf. Appellant was her
driver. 

 Brandi Wall was a dormmate of E.G. at the School for the Deaf. Brandi saw
appellant drive up to the school. Appellant summoned Brandi to him, telling her that he wanted
to drop E.G. off in her care. Wall noticed that E.G. was very upset and distressed. As she
assisted E.G. in getting out of the cab, Brandi asked her what was going on and if she was doing
all right. E.G. did not respond. Another student who saw E.G. arrive testified that E.G. did not
seem to recognize Brandi at first. Outside the vehicle, appellant approached E.G. and attempted
a "high-five" to which E.G. responded in a very negative manner. E.G. was waving her arms and
trying to defend herself from appellant. Brandi said that E.G. looked "angry as if something was
really bothering her, as if she just detested that person," referring to appellant. E.G. was very
upset, and that was out of character. Brandi tried to calm her down and told her "we'll talk later,
we'll talk later. We'll talk about it." Brandi took E.G.'s hand and walked her to the dorm and
took her in the elevator to E.G.'s room. Brandi asked: "What's going on? Tell me. You are so
upset. Your hands are flying around. [Communication with E.G. was by touch sign language.]
What's going on? Tell me." E.G. told Brandi, "I was raped." She told Brandi that the cabdriver
had raped her. Brandi testified:


She said that she was taken someplace, and she didn't know where, and she tried
to fight him off, defend herself and waved her hands and the man just forced
himself on her and had his penis in her vagina and then she tried to scream. She
told me she tried to scream, but no one would help her. She didn't know if
anybody was around. That's what she said. She couldn't see anything.



 Brandi testified that the time between when E.G. got out of the cab until she said
she had been raped was only one or two minutes. The trial court overruled appellant's objection
to Brandi's testimony about what E.G. told her. 


Was Complaining Witness's Statement an Excited Utterance?

 Appellant contends in his first point of error that Brandi's testimony about what
E.G. told her was hearsay and not admissible. The State contends that it was within the hearsay
exception for an excited utterance. See Tex. R. Evid. 803(2). (1) Appellant contends the trial court
erred by failing to require the State to show that the complaining witness was "in the grip of a
shocking event so as to render the statement a spontaneous utterance." Appellant relies on Ward
v. State, 657 S.W.2d 133, 136 (Tex. Crim. App. 1983), for this requirement. He also cites
McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992), as defining the pivotal inquiry
to be "whether the declarant was still dominated by the emotions, excitement, fear, or pain of the
event." 

 "The admissibility of an out-of-court statement under the exceptions to the general
hearsay exclusion rule is within the trial court's discretion." Lawton v. State, 913 S.W.2d 542,
553 (Tex. Crim. App. 1995). Therefore, a reviewing court should not reverse unless a clear abuse
of discretion is shown. See Coffin v. State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994). An
abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie
outside that zone within which reasonable persons might disagree." Cantu v. State, 842 S.W.2d
667, 682 (Tex. Crim. App. 1992). 

 In this case, the time lapse between the event and statement was a minute or two
after E.G.'s release from the man whom she said had raped her; E.G. was handicapped and unable
to assess her safety and surroundings immediately; E.G.'s handicaps made communication more
difficult and time-consuming than would be the situation with sighted and hearing persons; and
the evidence shows that E.G. was still in a highly nervous and agitated state fifteen to thirty
minutes later when she made a similar outcry statement to the dormitory supervisor. We have no
doubt that the trial court did not abuse his discretion in deciding to admit this evidence. Point of
error one is overruled. 


Admissibility of Appellant's Statement to Television Reporter

 Appellant's second point of error contends the trial court erred by admitting a
television reporter's testimony about what appellant told him in an interview. The television
station had recently broadcast a story on the charges against appellant and included the information
that there was a warrant for his arrest. Appellant came to the television station and said that he
wanted to tell his side of the story and turn himself in. In the interview, appellant admitted being
the driver of the cab and having been in the cab alone with E.G. on the date in question. The
portion of the interview that appellant sought to have excluded from evidence was his statement
that nothing of a sexual nature happened. He said he had not kissed E.G., had not grabbed her
or tried to hold her in any way. He denied the charges and said he had not assaulted E.G. (2) 
Appellant argues the testimony was not admissible under the hearsay exception argued by the
State, which permits a statement against a declarant's interest to be admitted as an exception to the
hearsay rule. See Tex. R. Evid. 803(24). (3) 

 Appellant's statement to the television reporter was an admission of a party
opponent and thus not hearsay at all. See Bingham v. State, 987 S.W.2d 54, 56-57 (Tex. Crim.
App. 1999); Drone v. State, 906 S.W.2d 608, 611 (Tex. App.--Austin 1995, pet. ref'd);
Cunningham v. State, 846 S.W.2d 147, 151 (Tex. App.--Austin 1993), aff'd, 877 S.W.2d 310
(Tex. Crim. App. 1994). A statement is not hearsay if it is offered against a party and is the
party's own statement. Tex. R. Evid. 801(e)(2)(A). This exemption from the definition of hearsay
is based on an estoppel theory. The rationale is that a defendant should not be heard to challenge
the trustworthiness of a statement that came from his own mouth. See Bingham, 987 S.W.2d at
56-57; Bell v. State, 877 S.W.2d 21, 24 n.2 (Tex. App.--Dallas 1994, pet. ref'd); see also
Barcenes v. State, 940 S.W.2d 739, 749 (Tex. App.--San Antonio 1997, pet. ref'd); Serrano v.
State, 936 S.W.2d 387, 392 (Tex. App.--Houston [14th Dist.] 1996, pet. ref'd).

 The trial court did not specify the basis for overruling appellant's objection. 
Although the State had argued that appellant's statement was excepted from the hearsay prohibition
as a statement against interest, the trial court was not bound by that argument and the ruling must
be upheld on any theory of law that supports it. Romero v. State, 800 S.W.2d 539, 543 (Tex.
Crim. App. 1990). Appellant's statement was admissible as an admission of a party opponent
under Rule 801(e)(2)(A). The trial court did not err in admitting the television reporter's
testimony about appellant's statement. The second point of error is overruled. 

 Having disposed of appellant's points of error, we affirm the judgment of
conviction. 



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: July 15, 1999

Do Not Publish
1. "Excited Utterance. A statement relating to a startling event or condition made while
the declarant was under the stress of excitement caused by the event or condition." Tex. R. Evid.
803(2).
2. Appellant's trial defense was that whatever happened to produce the DNA evidence of
sexual activity was consensual. 
3. "Statement Against Interest. A statement which was at the time of its making so far
contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the
declarant to civil or criminal liability, or to render invalid a claim by the declarant against another,
or to make the declarant an object of hatred, ridicule, or disgrace, that a reasonable person in
declarant's position would not have made the statement unless believing it to be true. . . ." Tex.
R. Evid. 803(24).



"font-family: CG Times Regular">Admissibility of Appellant's Statement to Television Reporter

 Appellant's second point of error contends the trial court erred by admitting a
television reporter's testimony about what appellant told him in an interview. The television
station had recently broadcast a story on the charges against appellant and included the information
that there was a warrant for his arrest. Appellant came to the television station and said that he
wanted to tell his side of the story and turn himself in. In the interview, appellant admitted being
the driver of the cab and having been in the cab alone with E.G. on the date in question. The
portion of the interview that appellant sought to have excluded from evidence was his statement
that nothing of a sexual nature happened. He said he had not kissed E.G., had not grabbed her
or tried to hold her in any way. He denied the charges and said he had not assaulted E.G. (2) 
Appellant argues the testimony was not admissible under the hearsay exception argued by the
State, which permits a statement against a declarant's interest to be admitted as an exception to the
hearsay rule. See Tex. R. Evid. 803(24). (3) 

 Appellant's statement to the television reporter was an admission of a party
opponent and thus not hearsay at all. See Bingham v. State, 987 S.W.2d 54, 56-57 (Tex. Crim.
App. 1999); Drone v. State, 906 S.W.2d 608, 611 (Tex. App.--Austin 1995, pet. ref'd);
Cunningham v. State, 846 S.W.2d 147, 151 (Tex. App.--Austin 1993), aff'd, 877 S.W.2d 310
(Tex. Crim. App. 1994). A statement is not hearsay if it is offered against a p