Affirmed and Memorandum Opinion filed August 12, 2004









Affirmed and Memorandum Opinion filed August 12, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00658-CR

____________

 

JAMES
WILEY,
Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_____________________________________________________

 

On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 923001

_____________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of not
guilty to the offense of aggravated assault. 
He was convicted of the lesser offense of deadly conduct, and the trial
court sentenced him to thirty-five years=
confinement.  In three issues, appellant
contends (1) the trial court erred by failing to file findings of fact and
conclusions of law pursuant to Texas Code of Criminal Procedure article 38.22,
section 6; (2) the trial court erred by denying appellant=s motion
to suppress his statement; and (3) the evidence was factually insufficient to
support appellant=s
conviction.  We affirm.








I.  Factual And Procedural  Background

On the afternoon of September 2,
2002, James Clark and his girlfriend, Kathy Ridley, were walking from Clark=s home to
Ridley=s mother=s
home.  Ridley felt ill and sat down under
a tree.  Appellant, whom Ridley testified
was a former boyfriend, drove by and asked Ridley to get into his vehicle.  Ridley refused.  Appellant left and returned with Ridley=s brother
and, asked Ridley to get into his vehicle. 
Ridley again refused and she and Clark continued to walk toward her
mother=s
home.  Appellant followed Ridley and
Clark in his vehicle and confronted them. 
Appellant stepped out of the vehicle holding a rifle and threatened to
kill Clark.  Clark pushed Ridley out of
the way and ran from appellant. 
Appellant then shot Clark in the back. 
Wounded by the shot, Clark ran to a friend=s
apartment and called the police and an ambulance.

Two Houston police officers
responded to the call, and Clark told them appellant had shot him.  The officers learned where appellant lived
and detained him in their patrol car.  Appellant
informed a third officer, Daniel Snow, that he was a diabetic and needed
medication before being taken to the police station.  Officer Snow knocked on appellant=s
apartment door and spoke with Mary Lewis, appellant=s live-in
girlfriend.  Lewis consented to a search
of the apartment.  Officer Snow retrieved
appellant=s insulin and seized the rifle
used during the shooting.  At the police
station, appellant was placed in an interview room.  He requested and was provided a glass of
water.   He was also advised of his
rights pursuant to Miranda v. Arizona, 384 U.S.436, 86 S. Ct. 1602, 16
L. Ed.2d 694 (1966), and knowingly and voluntarily waived those rights.  Appellant agreed to give a statement, which
was recorded on videotape.  








In his taped statement, appellant
stated that on the Friday evening before the shooting, he had seen Clark
attempting to burglarize his car.  He
further stated that on the day of the shooting, he saw Clark walking along the
side of the road.  Appellant said he
recognized Clark as the man who had attempted to break into his car and
confronted him about the break-in. 
According to appellant, Clark was alone. 
Appellant stated Clark advanced toward him, therefore he backed up toward
his car.  When appellant reached his car,
he retrieved a rifle from the trunk of the car. 
At that point, appellant said he became angry because Clark called him a
derogatory name.  When Clark saw the
rifle, he began to run.  Appellant also stated,
AWhen he
got so far, I just, >Pow.=@  Appellant then demonstrated his actions by
holding an imaginary rifle and pretending to shoot.  After he shot the rifle, appellant put the
rifle back in the trunk of the car and drove away.  Appellant stated he did not know Clark had
actually been struck.   

II.  Discussion

A.  Voluntariness of Confession

1.         Findings of Fact and Conclusions of Law

In his first issue, appellant
contends the trial court erred by failing to file findings of fact and
conclusions of law pursuant to article 38.22, section 6 of the Texas Code of
Criminal Procedure.  Section 6 of article
38.22 requires the trial court to file findings of fact and conclusions of law
when a question is raised as to the voluntariness of the statement and the
trial court has held the statement was voluntarily made.  State v. Terrazas, 4 S.W.3d 720, 727
(Tex. Crim. App. 1999).  Here, after
appellant=s brief was filed, the trial
court filed findings of fact and conclusions of law.  Therefore, the trial court met the
requirement of article 38.22 and appellant=s first
issue is overruled.  See Cunningham v.
State, 846 S.W.2d 147, 151 (Tex. App.CAustin
1993), aff=d, 877
S.W.2d 310 (Tex. Crim. App. 1994).

2.         Admission
of Statement








In his second issue, appellant
contends the trial court erred by denying appellant=s motion
to suppress his statement.  The State
first asserts appellant failed to preserve error for review because he did not
file a written pretrial motion to suppress. 
A trial objection, however, is sufficient to raise the issue of
voluntariness.  See Wicker v. State,
740 S.W.2d 779, 782 (Tex. Crim. App. 1987). 
Prior to the admission of appellant=s
statement, appellant objected and requested a hearing outside the presence of
the jury.  A hearing was held at which
Officer Snow and appellant testified.  At
the conclusion of the hearing, the trial court found appellant=s
confession was voluntary and admissible. 
Therefore, appellant preserved error for review.

A trial court=s ruling
on the voluntariness of a confession will not be set aside absent a showing of
abuse of discretion.  Wyatt v. State,
23 S.W.3d 18, 23 (Tex. Crim. App. 2000). 
In determining whether the trial court abused its discretion, we view
the evidence in the light most favorable to the ruling.  Santos v. State, 822 S.W.2d 338, 339
(Tex. App.CHouston [1st Dist.] 1992, pet.
ref=d).  As the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony, the
trial court was free to believe the officer=s
testimony and disbelieve appellant=s
testimony.  See State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000).

Outside the jury=s
presence, Officer Snow testified appellant was advised of his Miranda rights
and indicated he understood those rights. 
He also testified appellant asked for a glass of water and was given
one.  Appellant was not deprived of food,
water, or restroom breaks.  Further,
there is no evidence of threats or coercion. 
Officer Snow also testified appellant did not appear to be under the
influence of alcohol or narcotics, nor did appellant indicate that he was
experiencing any problems related to his blood sugar level or diabetic
condition.

However, appellant testified that
he is a high-risk diabetic who must take insulin at least twice a day.  He stated he thought he took insulin the
morning of the shooting, but could not be certain.  At the time he was brought to the police
station, appellant thought his blood sugar was too high so he asked for a glass
of water, which, he stated, usually has the effect of lowering his blood sugar
level.  Appellant testified that although
he stated he understood his rights, he did not voluntarily give a statement because
his blood sugar was too high.  








As stated in its findings of
fact, the trial court found Officer Snow was a credible witness and that
appellant was not credible.  The trial
court further found that Officer Snow had advised appellant of his rights and
appellant understood and waived his rights. 
The trial court also determined that appellant was not beaten, coerced,
or threatened into giving his statement, nor was he deprived of basic
necessities, including water.  Appellant
was found not to be under the influence of narcotics or alcohol, and the court
determined he understood the process and was not suffering from any mental or
physical impairment.  Considering those
facts, the trial court concluded that, as required by the United States
Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure,
appellant=s statement was made freely and
voluntarily without compulsion or persuasion. 
We conclude the trial court did not abuse its discretion in finding
appellant=s statement voluntary and denying
his motion to suppress.  Appellant=s second
issue is overruled.

B.  Sufficiency of the Evidence

In his third issue, appellant
contends the evidence is factually insufficient to support his conviction.  Specifically, he contends he did not intend
to pull the trigger on the rifle.  The
court=s charge
instructed the jury to find appellant guilty of felony deadly conduct if it
found he Aknowingly discharge[d] a firearm
at or in the direction of one or more individuals.@ Appellant
contends because he did not intend to pull the trigger on the rifle, he did not
knowingly discharge a firearm.








When evaluating a challenge to
the factual sufficiency of the evidence, we view all the evidence in a neutral
light and inquire whether the jury was rationally justified in finding guilt
beyond a reasonable doubt.  Zuniga v.
State, No. 539‑02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21,
2004).  A reviewing court may find the
evidence factually insufficient in two ways. 
Id.  First, when considered
by itself, the evidence supporting the verdict may be too weak to support the
finding of guilt beyond a reasonable doubt. 
Id.  Second, after weighing
the evidence supporting the verdict and the evidence contrary to the verdict,
the contrary evidence may be strong enough that the beyond‑a‑reasonable‑doubt
standard could not have been met.  Id.  In conducting the factual‑sufficiency
review, we must employ appropriate deference so we do not substitute our
judgment for that of the fact finder.  Id.
at *4.  Our evaluation should not intrude
upon the fact finder=s role as
the sole judge of the weight and credibility given to any witness=s
testimony.  Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). 
Our factual sufficiency review must include a discussion of the evidence
appellant claims is most important in allegedly undermining the jury=s
verdict.  Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003).

Appellant argues the evidence
supporting a finding that appellant knowingly discharged a firearm is so weak
that such a finding is unjust.  Appellant
testified at trial he did not intend to shoot Clark, and he did not intend to
pull the trigger on the rifle.  Appellant
testified Clark was alone when confronted by appellant and Clark was holding a
screwdriver.  Appellant was afraid Clark
would use the screwdriver as a weapon so he retrieved the rifle from the trunk
of the car to protect himself.  Appellant=s version
of the incident differs significantly from the version relayed by Clark and
Ridley.  Clark and Ridley testified that
they were walking together when appellant threatened to kill Clark.  Ridley testified that appellant pointed the
gun[1]
at Clark and shot him.  Appellant, in his
video-taped statement, did not state Clark had a screwdriver and admitted he
fired the rifle after Clark started to run away.

The disputed element is whether
appellant knowingly discharged the firearm. 
Clark and Ridley both testified appellant knowingly fired the
rifle.  Appellant, in his video-taped
statement, admitted he fired the rifle. 
The only evidence appellant did not intend to pull the trigger is appellant=s
testimony at trial.  The jury, by its
verdict, chose to credit the testimony offered by the State rather than the
defense.  The jury was entitled to judge
the credibility of the witnesses and reconcile conflicts in their testimony.  See Margraves v. State, 34 S.W.3d 912,
919 (Tex. Crim. App. 2000).  After
reviewing the conflicting evidence, we conclude the evidence is factually
sufficient to support the jury=s
conclusion that appellant knowingly discharged the firearm.  Appellant=s third
issue is overruled.








The
judgment of the trial court is affirmed.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and
Memorandum Opinion filed August 12, 2004.

Panel consists of Chief
Justice Hedges and Justices Frost and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Ridley, Clark,
and appellant use the terms Agun@ and Arifle@ interchangeably. 
The record reflects that the Afirearm@ mentioned in the indictment was a rifle.