**Richard Allen CRUTCHFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12-90-00032-CR.**

Court of Appeals of Texas, Tyler.

Aug. 14, 1992.

Discretionary Review Refused Nov. 4, 1992.

Nancy P. Perkins, Athens, for appellant.

Billy M. Bandy, Dist. Atty. (deceased), Athens, for appellee.

COLLEY, Justice.

Appellant Richard A. Crutchfield was convicted of burglary of a habitation by a jury who assessed his punishment at life and a $10,000.00 fine.

Appellant complains on appeal of the admission of evidence of an out of court statement of an accomplice. We reverse and remand.

The State's case against Appellant rested mainly on the written statement of Rodney Dewayne Fladd. That extra judicial statement incriminated the declarant and the Appellant in the burglary of a mobile home located near Lake Athens in Henderson County, Texas. The confession of Fladd, whom the record reveals to be an accomplice as a matter of law, was taken by the district attorney's criminal investigator, Michael O'Brien at the Henderson County "Law Enforcement building." Fladd was arrested immediately after he gave the statement. O'Brien read portions of Fladd's confession to the jury over objection that the admission of the out of court confession "would deprive [Appellant] of his right to confrontation and cross-examination of the witness."

The portion of the confession read to the jury, excluding sufficient *Miranda*[1] warnings given to Fladd, is as follows:

On Nov 9th 1988, I was at my grandmother, Viola Wooldridges [sic] house and had been with my Uncle Richard Crutchfield.

About a week or two before this me and Richard went to a mobile home off of Bear Creek road and Richard busted the window out of the back door and went inside and handed out to me a small T.V. a Walkman cassette player, some jewelry and a black powder gun, the last time I saw the cassette player it was at his dads (sic) house, (Myles Crutchfield), Richard carried the things off and said he got rid of it in Caney City.

This is all the information that I have and have freely and voluntarily related it to Michael O'Brien and asked him to write it for me.

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Appellant, by his points of error numbers six and seven challenges the sufficiency of the evidence to support his conviction. The court's charge at the guilt/innocence phase did not contain accomplice witness instructions as required by the TEX. CODE CRIM.PROC.ANN. art. 38.14 (Vernon 1979); therefore, we must measure the evidence by the charge given. *Benson v. State*, 661 S.W.2d 708, 715 (Tex.Cr.App. 1982). In so doing, we conclude that Fladd's confession provided sufficient evidence to enable rational jurors to find that each element of the burglary offense was established beyond a reasonable doubt. Appellant's points of error six and seven are overruled.

Under his points of error numbers two and four, Appellant argues that the court erred in admitting Fladd's confession into evidence because that action denied him the right of confrontation and cross-examination of Fladd. Based on his arguments in this Court, we understand Appellant to complain that the admission of Fladd's confession deprived him of his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution.[2] The State makes no reply to this complaint in its brief.

It is clear from the record that the trial court was persuaded that portions of Fladd's confession, quoted above, were admissible under TEX.RULE OF CRIM.EVID. 803(24) that reads as follows:

> (24) **Statement Against Interest.** A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, or to make him an object of hatred, ridicule, or disgrace, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances clearly indi-

cated the trustworthiness of the statement.

The quoted rule of criminal evidence was promulgated by the Texas Court of Criminal Appeals on 18 December 1985, effective 1 September 1986. The last sentence of the rule was obviously included so that the exception for admissibility would meet the standard of reliability required by the "Confrontation Clause" of the Sixth Amendment. *See Idaho v. Wright*, 497 U.S. 805, 110 S.Ct. 3139, 3147, 111 L.Ed.2d 638 (1990); *Pointer v. Texas*, 380 U.S. 400, 407, 85 S.Ct. 1065, 1069, 13 L.Ed.2d 923 (1965); and *Mattox v. United States*, 156 U.S. 237, 243, 15 S.Ct. 337, 340, 39 L.Ed. 409 (1895). However, since the Appellant has neither preserved nor asserted that the confession was inadmissible hearsay under Rule 803(24), we must determine only, whether the confession was admissible under the Confrontation Clause of the Sixth Amendment. For the reasons hereinafter stated, we conclude, that it was not, sustain Appellant's second and fourth points of error and reverse the judgment and remand the case. The Confrontation Clause of the Sixth Amendment made applicable to the States through the Fourteenth Amendment provides: in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witness' against him. *Idaho v. Wright*, 110 S.Ct. 3139, at 3145.

Likewise, the United States Supreme Court has held that unless hearsay evidence either "falls within a firmly rooted hearsay exception" or is supported by "a showing of particularized guarantees of trustworthiness" it is inadmissible under the Confrontation Clause of the Sixth Amendment. *Idaho v. Wright*, 110 S.Ct. at 3147; *Lee v. Illinois*, 476 U.S. 530, 543, 106 S.Ct. 2056, 2063, 90 L.Ed.2d 514 (1986).

Under the constitutional standard of *Idaho v. Wright*, the exception provided by Rule 803(24) is not a "firmly rooted hearsay exception." That is, the exception has not enjoyed "long standing judicial [or] legislative experience in assessing [its] trustworthiness...." *Wright*, 110 S.Ct. at

---

**2.** Made applicable to the states by incorporation in the Due Process clause of the Fourteenth Amendment in *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).

3147.[3] Hence, we now examine the record to determine whether Fladd's confession was admissible under the Confrontation Clause because the State made an affirmative showing, under the totality of the circumstances surrounding the making of the confession, that "[Fladd was] particularly worthy of belief." *Wright*, 110 S.Ct. at 3149.

Since the evidence of an accomplice, as here, is presumptively unreliable under both Federal and State law, *Lee v. Illinois* 476 U.S. at 539, 106 S.Ct. at 2061; TEX. CODE CRIM.PROC.ANN. art 38.14 (Vernon 1979), Fladd's confession is admissible against Appellant only if the circumstances establish the trustworthiness of the evidence.

The circumstances show that Fladd, an 18 year-old male, gave the statement following his interrogation by Michael O'Brien in a law enforcement facility, that O'Brien wrote the statement in longhand and procured Fladd's signature thereon, that Fladd was or had been addicted to unidentified drugs, and that he had little, if any reading skills. Additionally, based on O'Brien's testimony there is much confusion about whether the statement was orally read to Fladd or not. Fladd testified at the hearing on Appellant's motion for new trial that the confession he signed was already prepared at the time he appeared at the interview with O'Brien. Fladd also testified that the Appellant was not involved in the burglary. He admitted that in school he had attended some "special education classes...." He said he could not read the confession he signed. Fladd also testified that when he was asked to sign the confession, the officer told him, "they would not worry about [him], they wanted Richard."

Based on the totality of the circumstances surrounding the taking of Fladd's confession, we conclude there is no factual basis presented that could possibly rebut the presumption that the out of court confession of Fladd is unreliable; therefore,

the Confrontation Clause requires its exclusion. *Wright*, 110 S.Ct. at 3150.

The judgment of conviction is reversed and the cause is remanded for a new trial.

**3.** *See also White v. Illinois*, — U.S. —, 112 S.Ct. 736, 747, 116 L.Ed.2d 848 (1992) (Thomas, J., concurring in part, concurring in judgment).