TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00670-CR







Jimmie O'Brien, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF CONCHO COUNTY, 198TH JUDICIAL DISTRICT


NO. 1212-A, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING







A jury found appellant guilty of three counts of burglary of a building. One of these
burglaries was committed on August 28, 1994, and was therefore a second degree felony. Penal Code,
63d Leg., R.S., ch. 399, sec. 1, § 30.02, 1973 Tex. Gen. Laws 883, 926 (Tex. Penal Code Ann. §
30.02(c), since amended). The jury assessed punishment for this count, enhanced by a previous felony
conviction, at imprisonment for seventy years and a $5000 fine. The other two burglaries were committed
on September 22 and October 4, 1994, and were therefore state jail felonies. Tex. Penal Code Ann. §
30.02(c)(1) (West 1994). For these counts, the jury assessed punishment at incarceration for two years
and a $5000 fine. As required, the district court suspended imposition of sentence for the state jail felonies
and placed appellant on community supervision. Act of May 29, 1993, 73d Leg., R.S., ch. 900, art. IV,
§ 4.01, 1993 Tex. Gen. Laws 3586, 3731 (Tex. Code Crim. Proc. Ann. art. 42.12, § 15(a), since
amended).

Appellant brings forward four points of error complaining of the sufficiency of the evidence,
the admission of hearsay, and the failure to give requested jury instructions. We will overrule these points
and affirm the judgment of conviction.

Billie Henderson, owner of the Owl's Roost bar, testified that her business was burglarized
on August 28 and October 4, 1994. On both occasions, the burglars broke into the cash register and
vending machines and took the money they contained, and also stole cigars and cigarettes. A large number
of King brand cigarette lighters was taken during the August 28 burglary. On October 4, the burglars stole
an ice chest containing beef jerky, and approximately $300 in rolled quarters.

The Twin Oaks bar was burglarized on September 22, 1994. The owner, Daisy Fowler,
testified that the burglars took the money from various vending machines, handmade jewelry, cigarettes,
beer, and frozen pizza.

Appellant and his son, Russell O'Brien, lived with Faith Ogden during late September and
early October 1994. Ogden testified that the two men would often leave at night and not return until near
dawn. When they returned from their late-night excursions, they would have "an abundance of cigarette
lighters, cartons of cigarettes, smokeless tobaccos, fan belts, strange things." Ogden also saw the O'Briens
in possession of "a couple hundred dollars worth" of rolled quarters, numerous cigarette lighters, and an
ice chest. Believing that the O'Briens were bringing stolen property to her residence, Ogden called the
police and reported what she had seen.

Appellant and Russell were arrested on October 10, 1994. The two men were in a pickup
truck, in which police found an ice chest containing beef jerky. The police later searched two automobiles
owned by appellant. Among the items found in these vehicles were boxes of cigars, ten King cigarette
lighters, and twenty-four rolls of quarters. Henderson testified that the ice chest was hers and that the
cigarette lighters found in appellant's car were "exactly like the ones" stolen from her place of business. 

Officer Julian Martinez interviewed Russell O'Brien following his arrest. Martinez testified
that Russell told him, "We broke into the store. We broke into another bar. My father used a pry bar to
force open a back door. We took cigarettes out of the machine and we took money from the cigarette
machine." Russell also told Martinez, "About three weeks ago, me and my father went to Lake O. H. Ivie
and we took beef jerky and several cartons of cigarettes, $37.00 from the jukebox. They were all in dollar
bills. We broke into the bar by prying the back door open. The things that were taken in one of the
burglaries are in a white '78 Ford LTD." Russell told Martinez that the bar near Lake Ivie was called the
Owl's Roost.

Russell O'Brien testified for the defense. He had previously pleaded guilty and been
convicted for burglary. Russell testified that he alone committed the burglaries at the Owl's Roost and the
Twin Oaks. He said that he implicated appellant because the police told him that "I was looking at 60
years unless I cooperated with them."

In his first point of error, appellant contends the evidence is legally insufficient to sustain his
conviction. While this point purports to apply to all three counts, appellant's argument is limited to the
contention that the State failed to prove his guilt of the August 28 burglary. Accordingly, we will address
only that contention. See Tex. R. App. P. 38.1(h). 

Appellant argues that there is insufficient evidence linking him to the August 28 burglary at
the Owl's Roost. Appellant notes that he did not live with Ogden in August, and that her testimony
describing his activities related only to late September and October. Russell's statements to Martinez were
said to concern burglaries committed during the three weeks preceding the October arrest. The ice chest
full of beef jerky and the rolls of quarters were taken during the October 4 burglary. The only property
found in appellant's possession linking him to the August burglary were the cigarette lighters, which
appellant contends were not adequately identified by Henderson.

As previously noted, Henderson testified that the lighters found in appellant's car were
"exactly like the ones" stolen during the August 28 burglary at the Owl's Roost. The weight to give this
identification was for the jury to decide. See Miller v. State, 909 S.W.2d 586, 593 (Tex. App.--Austin
1995, no pet.) (jury is exclusive judge of credibility of witnesses and weight to give their testimony). Given
the other evidence indisputably linking appellant to the second burglary at the Owl's Roost, a rational trier
of fact could conclude that it was more than mere coincidence that appellant had at least ten cigarette
lighters identical to those stolen during the first burglary. Considering all the evidence in the light most
favorable to the jury's verdict, the record supports the jury's determination that appellant was guilty of the
August 28 burglary. See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981) (standard of proof). 
Point of error one is overruled.

Appellant next argues that Russell O'Brien's statements to Martinez were inadmissible
hearsay. The district court admitted the statements pursuant to rule 803(24) as statements against penal
interest. Tex. R. Crim. Evid. 803(24). An out-of-court statement against the speaker's penal interest that
also implicates the accused may be offered by the State to inculpate the defendant. Drone v. State, 906
S.W.2d 608, 612 (Tex. App.--Austin 1995, pet. ref'd). To be admissible against the accused as a
statement against penal interest, the declarant's statement inculpating the accused must be truly self-inculpatory as well. Id. Moreover, like all statements against penal interest under rule 803(24), the
statement must be corroborated by circumstances clearly indicating its trustworthiness. Id. In his brief,
appellant does not question the district court's determination that Russell's statements to Martinez were
self-inculpatory. He contends only that the statements were not adequately corroborated.

The trustworthiness of a statement against penal interest may be demonstrated by other
evidence independent of the statement itself that tends either directly or circumstantially to establish the truth
of the matter asserted by the statement. Davis v. State, 872 S.W.2d 743, 749 (Tex. Crim. App. 1994);
Drone, 906 S.W.2d at 612-13; Cunningham v. State, 846 S.W.2d 147, 150 (Tex. App.--Austin 1993),
aff'd, 877 S.W.2d 310 (Tex. Crim. App. 1994). At the time of their arrest, Russell and appellant were
in possession of property stolen during the burglaries described in Russell's statements to Martinez. 
Ogden's testimony also tended to connect the two men to the burglaries. The presence of this independent
corroborating evidence distinguishes this case from Crutchfield v. State, 842 S.W.2d 304 (Tex.
App.--Tyler 1992, pet. ref'd), cited by appellant. Finally, the district court noted that Russell was unlikely
to make statements implicating his father in these crimes if they were not true. The district court did not
abuse its discretion by concluding that the circumstances clearly indicated the trustworthiness of Russell's
statements against penal interest. Point of error two is overruled.

In point of error three, appellant contends the district court erred by refusing his request
for an accomplice witness instruction with respect to Russell O'Brien's "evidence." See Tex. Code Crim.
Proc. Ann. art. 38.14 (West 1979). Article 38.14 provides that a conviction cannot be had on the
testimony of an accomplice unless that testimony is corroborated by other evidence. Russell's out-of-court
statements to Martinez were not testimony within the meaning of article 38.14. Bingham v. State, 913
S.W.2d 208, 213 (Tex. Crim. App. 1995) (opinion on rehearing). The statute also did not apply to
Russell's in-court testimony because he testified as a defense witness. Johnson v. State, 853 S.W.2d 527,
530-31 (Tex. Crim. App. 1992). Point of error three is overruled.

Finally, appellant contends the district court should have instructed the jury not to consider
the fact that Russell O'Brien had been convicted of these burglaries in determining appellant's guilt. As a
general rule, evidence that the defendant's accomplice was convicted for the same offense is inadmissible. 
Barton v. State, 361 S.W.2d 716, 717 (Tex. Crim. App. 1962). In this cause, however, appellant first
adduced the fact of Russell's conviction during his direct examination. Later, without objection, the State
used Russell's conviction to impeach his in-court testimony. Tex. R. Crim. Evid. 609(a). Under the
circumstances, appellant was not entitled to the requested instruction to disregard. Point of error four is
overruled.


The judgment of conviction is affirmed.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: December 4, 1997

Do Not Publish



pellant next argues that Russell O'Brien's statements to Martinez were inadmissible
hearsay. The district court admitted the statements pursuant to rule 803(24) as statements against penal
interest. Tex. R. Crim. Evid. 803(24). An out-of-court statement against the speaker's penal interest that
also implicates the accused may be offered by the State to inculpate the defendant. Drone v. State, 906
S.W.2d 608, 612 (Tex. App.--Austin 1995, pet. ref'd). To be admissible against the accused as a
statement against penal interest, the declarant's statement inculpating the accused must be truly self-inculpatory as well. Id. Moreover, like all statements against penal interest under rule 803(24), the
statement must be corroborated by circumstances clearly indicating its trustworthiness. Id. In his brief,
appellant does not question the district court's determination that Russell's statements to Martinez were
self-inculpatory. He contends only that the statements were not adequately corroborated.

The trustworthiness of a statement against penal interest may be demonstrated by other
evidence independent of the statement itself that tends either directly or circumstantially to establish the truth
of the matter asserted by the statement. Davis v. State, 872 S.W.2d 743, 749 (Tex. Crim. App. 1994);
Drone, 906 S.W.2d at 612-13; Cunningham v. State, 846 S.W.2d 147, 150 (Tex. App.--Austin 1993),
aff'd, 877 S.W.2d 310 (Tex. Crim. App. 1994). At the time of their arrest, Russell and appellant were
in possession of property stolen during the burglaries described in Russell's statements to Martinez. 
Ogden's testimony also tended to connect the two men to the burglaries. The presence of this independent
corroborating evidence distinguishes this case from Crutchfield v. State, 842 S.W.2d 304 (Tex.
App.--Tyler 1992,