NO.
12-09-00440-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

RICHARD
A. CRUTCHFIELD,                       §                 APPEAL FROM THE 241ST

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

            Richard
Crutchfield appeals his conviction for burglary of a habitation.  In four
issues, Appellant contends that the evidence is legally and factually
insufficient to support his conviction, the trial court erred in denying the
request for a lesser included offense instruction, and the trial court erred in
admitting evidence regarding a previous conviction that had been reversed.  We
modify and, as modified, affirm.

 

Background

            Daniel
Langen saw two men carrying a big screen television walk into the bed of a
truck near a mobile home located next to the hardware store he owned. Langen
followed the two men when they left in the truck.  An employee of the hardware
store and his wife also saw the truck leaving the area.  The employee called
the cashier at the store to give her the license plate number. Langen also called
the store and gave the cashier the license plate number of the truck he
followed. Ultimately, Langen’s cashier called 911 to report the suspicious
activity.  Dale Hukill, a Smith County sheriff’s deputy, found and stopped the
truck matching the description and placed the two men inside it into custody.  Appellant
was the driver of the vehicle.  His brother, John Crutchfield, was a passenger
in the vehicle.  Jordan identified the items in the back of the vehicle as his
property.

            Appellant
was charged by indictment with burglary of a habitation.  The indictment
alleged that Appellant had two prior felony convictions.  Appellant entered a
plea of not guilty to the offense.  The jury found Appellant guilty.  During
the punishment phase, Appellant entered a plea of not true to both enhancement
paragraphs.  The jury found the enhancement paragraphs true and sentenced
Appellant to imprisonment for life.  This appeal followed.

 

Sufficiency
of the Evidence

In his first two issues,
Appellant challenges the legal and factual sufficiency of the evidence
supporting Appellant’s conviction of burglary of a habitation.

Standard
of Review 

The Texas Court of Criminal Appeals recently held that the Jackson
v. Virginia legal sufficiency standard is the only standard a reviewing court
should apply in determining whether the evidence is sufficient to support each
element of a criminal offense that the state is required to prove beyond a
reasonable doubt.  See Brooks v. State, 323 S.W.3d 893, 894-95
(Tex. Crim. App. 2010) (plurality op.).  Accordingly, we will not independently consider Appellant’s
challenge to the factual sufficiency of the evidence.  Under this single sufficiency
standard, we view the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 573 (1979); Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  We defer to the
trier of fact’s responsibility to resolve conflicts in testimony, weigh
evidence, and draw reasonable inferences from basic facts to ultimate facts.  Jackson,
443 U.S. at 319; 99 S. Ct at 2789; Hooper, 214 S.W.3d at 13. 
Every fact does not need to point directly and independently to the guilt of
the appellant, as long as the cumulative force of all the incriminating
circumstances is sufficient to support the conviction. Hooper,
214 S.W.3d at 13.  Circumstantial evidence is as probative as direct evidence
in establishing guilt and may alone be sufficient to establish guilt.  Id.
 On appeal, the same standard of review is used for both circumstantial and
direct evidence cases.  Id.

 

Applicable
Law

To obtain a conviction for burglary of a habitation, the
State was required to prove beyond a reasonable doubt that Appellant, without the effective consent of
the owner, entered a habitation with intent to commit theft.  See Tex. Penal Code Ann. § 30.02(a)(1)
(Vernon 2011).  “Enter” is defined as intruding with any
part of the body or any physical object connected with the body. Id. § 30.02(b)(1) (Vernon 2011).  Direct evidence of entry is not
required to obtain a conviction of burglary.  See Lopez v. State,
884 S.W.2d 918, 921 (Tex. App.–Austin 1994, pet. ref'd).  Entry in a burglary
offense may be established by an inference, just as inference may be used to
prove the elements of any other offense.  Id.  It is a well settled rule that a
defendant’s unexplained possession of property recently stolen in a burglary
permits an inference that the defendant is the one who committed the burglary.  Poncio
v. State, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006).

            “Habitation”
means a structure or vehicle that is adapted for the overnight accommodation of
persons.  Tex. Penal Code Ann. §
30.01(1) (Vernon 2011).  The Texas Court of Criminal Appeals has explained that
“adapted” means “suitable.”  Blankenship
v. State,
780 S.W.2d 198, 209 (Tex. Crim. App. 1989).  Factors to be considered in determining whether a
structure is suitable for the overnight accommodation of persons include the
following: (1) whether the structure was being used as a residence at the time
of the trespass; (2) whether the structure contained bedding, furniture,
utilities, or other belongings common to a residential structure; and (3)
whether the structure was of such character that it was likely intended to
accommodate persons overnight.  Id. at 209; Salazar v.
State, 284 S.W.3d 874, 877 (Tex. Crim. App. 2009).  The determination
whether a burglarized place is a “building” or a “habitation” will be
overturned on appeal only if no reasonable trier of fact could have found the
place to have been a habitation under these criteria.  Blankenship, 780 S.W.2d at 209-10.            

Discussion

            Appellant
asserts that the evidence is insufficient to establish that (1) Appellant was
the individual who entered the mobile home and committed the burglary and (2)
the mobile home was a habitation.

            1.
Identification of Appellant and Entry.

            Langen
saw two men loading into the bed of a truck a big screen television that
Jordan, the homeowner, testified was located in the master bedroom of his
double wide mobile home.  Langen followed the two men when they left in a
“burnt orange bright, bright truck” loaded down with items that included the
big screen television.  Another employee of the hardware store and his wife saw
a “pretty burnt orange pickup” leaving the area with items loaded in the back,
including a “flat screen TV.”  The employee called the cashier at the store to
give her the license plate number.  Langen also called the store and gave the
cashier the license plate number.  Deputy Hukill was “dispatched to a burglary
in progress where a bronze colored Dodge Dakota pickup was leaving the scene of
a burglary loaded with a bunch of property included [sic] a big screen TV.” 
While at the scene, Deputy Hukill spoke with witnesses who told him that the
owner of the hardware store followed the truck to a certain neighborhood. 
After heading in the direction specified, Deputy Hukill located the truck,
which matched the description and license plate number given by one of the
witnesses who saw the truck leaving Jordan’s mobile home. 

At
trial, Deputy
Hukill identified Appellant as the driver of the vehicle, which contained the big screen television and other
items owned by Jordan that were taken from both his mobile homes.  Deputy Hukill also
discovered a Tyler Police Department property tag tied to the back of the big
screen television that had Jordan’s name on it.  Further, Appellant’s wallet
contained titles to two vehicles registered in Jordan’s name.  Langen testified that he could
not identify the two men if he saw them, and was unable to determine their race.
 However, viewing the evidence in the light most
favorable to the jury’s finding of guilt, the
jury could have reasonably inferred Appellant committed the burglary.  See
Poncio, 185 S.W.3d at 985. 

Appellant
asserts that the State failed to show that Appellant entered the mobile home. 
Although there is no direct evidence that he entered the mobile home, two men
were seen loading a television, which came from the mobile home, into a truck
that was being driven by Appellant a short time after the burglary and
contained the stolen property.  Under these circumstances, the jury could have
reasonably inferred that Appellant entered the mobile home.  See Lopez, 884 S.W.2d at 921
(circumstantial evidence of entry included identification of defendant as one
of two persons at scene of burglary and possession of stolen items in his
home). 

2.
Mobile Home as Habitation.

Jordan
testified that he was in the process of moving to a new home located behind his
two mobile homes.  He said he had not lived in the double wide mobile home for
the last eight or nine months
before the burglary occurred.  However, the double wide mobile home had
electricity and water turned on, and Jordan had lived there approximately nine
years prior to his move to the new home. Jordan had also recently replaced the
roof on the double wide mobile home.  From
this evidence, the jury reasonably could have
found that the double wide mobile home was a habitation.  See Blankenship, 780 S.W.2d at 206, 209-10.

Holding

            After viewing the evidence in the light most favorable
to the verdict, we hold the jury could have found the essential elements of the offense of burglary of a
habitation beyond a reasonable doubt.  Therefore,
the evidence is legally sufficient to support the jury’s finding of guilt.  We overrule Appellant’s first and second issues.

 

Lesser
Included Offense

In
his third issue, Appellant contends the trial court erred in denying his
request for an instruction on the lesser included offense of burglary of a
building.   

Standard
of Review and Applicable Law

            An
offense is a lesser included offense if “it is established by proof of the same
or less than all the facts required to establish the commission of the offense
charged.”  Tex. Code Crim.
Proc. Ann. art. 37.09(1) (Vernon
2006); see also Hall v. State, 225 S.W.3d 524, 527 (Tex.
Crim. App. 2007).  We must conduct a two step analysis to determine whether a
defendant was entitled to an instruction on a lesser included offense by asking
(1) whether the requested charge is for a lesser included offense of the
charged offense and (2) whether there is trial evidence that supports giving
the instruction to the jury.  Rice v. State, 333 S.W.3d 140, 144
(Tex. Crim. App. 2011). The first step of the analysis is to determine whether
the lesser included offense is included within the proof necessary to establish
the offense charged.  Id.  “This is a question of law, and it
does not depend on the evidence to be produced at trial.”  Id.  The
second step of the analysis is to determine whether some evidence exists in the
record that would permit a jury to rationally find that, if the defendant is
guilty, he is guilty only of the lesser included offense.  Id. at
145.  The evidence must establish the lesser included offense as “a valid,
rational alternative to the charged offense.”  Id. (quoting Hall,
225 S.W.3d at 536).

Discussion

Under
the first prong of the analysis, we review the offense charged in the
indictment.  The indictment alleged that Appellant “did then and there, with
intent to commit theft, enter a habitation, without the effective consent of
Herman Jordan, the owner thereof.”  The same predicate offense of burglary
underlies both burglary of a building and burglary of a habitation. See Tex. Penal Code Ann. § 30.02(a) (Vernon
2011).[1]  Consequently, the State does
not dispute that burglary of a building can be a lesser included offense of
burglary of a habitation.  See, e.g., Allison v. State,
618 S.W.2d 763, 764-65 (Tex. Crim. App. 1981).  In this case, burglary of a
building is an offense established by proof of the same or less than all the
facts required to establish burglary of a habitation as charged in the
indictment.  See Tex. Code Crim.
Proc. Ann. art. 37.09
(Vernon 2006).

Under
the second prong of the analysis, there must be evidence that if Appellant was
guilty of anything, he was guilty only of burglary of a building—and not of a
habitation.  See Hall, 225 S.W.3d at 535; Rousseau
v. State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993).  A “building”
means “any enclosed structure intended for use or occupation as a habitation or
for some purpose of trade, manufacture, ornament, or use.”  Tex.
Penal Code Ann. §
30.01(2) (Vernon 2011).  As
noted previously, a “habitation” is defined as “a structure or vehicle that is
adapted for the overnight accommodation of persons.”  Id. §
30.01(1).  In determining whether a structure is suitable or not suitable for
overnight accommodation, a jury may consider the type of structure, its typical
use, and its contents.  See Salazar, 284 S.W.3d at 877.

Even
though both Jordan’s single wide and his double wide mobile home were
burglarized, the indictment alleged only one burglary of a habitation charge
and did not specify which home was burglarized.[2]  Accordingly, for Appellant to
be entitled to an instruction on the lesser included offense of burglary of a
building, he must show some evidence that both mobile homes were buildings or
alternatively, that if only one was a building, he burglarized only that mobile
home and not the other.  Appellant argues that the single wide mobile home was
used for storage purposes only, had no utilities, no bedding, and had not been
used as a residence in at least two years.  He also contends that the double
wide mobile home had not been lived in for more than six months. For the reasons
explained in our evidentiary sufficiency analysis, we conclude Appellant has
failed to show some evidence in the record from which a jury could rationally
find that the double wide mobile home was
only a building and not a habitation.  See
Rice, 333 S.W.3d at 145. Accordingly, with regard to the double
wide mobile home, Appellant has not established burglary of a building as a
valid, rational alternative.  See id.  Therefore, to show
he was entitled to the lesser included offense instruction, Appellant must
point to some evidence in the record that (1) the single wide mobile home was a
building and not a habitation and that (2) Appellant burglarized only the single
wide mobile home.

Appellant
argues that the evidence is unclear what property was actually taken from the
double wide mobile home.  We disagree.  Jordan testified that his big screen
television was located in the double wide mobile home.  This same television
was found in the truck driven by Appellant.  Even assuming the single wide
mobile home is a building, the evidence does not show that Appellant
burglarized only the single wide and not the double wide mobile home. 
Accordingly, we conclude that there is no evidence in the record from which the
jury could have concluded that if Appellant was guilty, he was guilty only of
burglary of a building and not burglary of a habitation.  Rice,
333 S.W.3d at 145.  Therefore, Appellant has not shown that he was entitled to
the lesser included offense instruction.  The trial court did not err in
refusing Appellant’s request for a jury instruction on burglary of a building. 
We overrule Appellant’s third issue.

 

Evidence
Regarding Previous Conviction

In
his fourth issue, Appellant asserts that the trial court erred “in allowing
evidence to be admitted regarding a previous conviction when that conviction
had been reversed on appeal.” 

Texas
Rule of Appellate Procedure 38.1(i) states that an appellant's brief “must
contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.”  Tex.
R. App. P. 38.1(i).  Conclusory statements unsupported by citation to
any legal authority present nothing for the court to review.  Nolan v.
State, 102 S.W.3d 231, 236 (Tex. App.–Houston [14th Dist.] 2003, pet
ref’d).  Even authorities alone are not sufficient to constitute an argument,
and an appellant’s brief should argue the law and the facts that weigh in the
party’s favor.  Mack v. State, No. 12-02-00037-CR, 2003 WL
23015101, at *2 (Tex. App.–Tyler Dec. 23, 2003, pet. ref’d) (not designated for
publication); see also Wyatt v. State, 23 S.W.3d 18, 23 n.5
(Tex. Crim. App. 2000) (noting it is not the responsibility of an appellate
court to make appellant’s arguments for him where an issue is inadequately
briefed).  Failure to cite authority in support of an issue waives the
complaint.  Allen v. State, No.12-01-00079-CR, 2003 WL 1090366 at
*3 (Tex. App.–Tyler Mar. 12, 2003, no pet) (not designated for publication). 

Appellant’s
presentation of his fourth issue is contained in the following paragraph:

 

The State
alleged a previous conviction in an enhancement paragraph.  Specifically, that
on the 18th day of January, 1990, in cause number A-4736 in the 173rd
Judicial District Court of Henderson County, Texas, the defendant was convicted
of the felony offense of Burglary of a Habitation.  I CR 4.  This evidence was
objected to by Appellant.  II RR 176.  This Court reversed that conviction and
remanded for [a] new trial.  Crutchfield v. State, 842 S.W.2d 304
(Tex. App.–Tyler 1992, pet. ref’d).  The Court of Appeals number for that case
is 12-09-0032-CR. A check of the Court of Appeals records indicates that the
trial cause number that was assigned that specific court of appeals number was
A-4736, an appeal taken from the 173rd District Court.  For this
error, the judgement [sic] of the trial court should be reversed.

 

Appellant’s
recitation of the subsequent history of the case was not presented to the trial
court and therefore, is not contained in the appellate record.  But Appellant
has cited no authority that authorizes us to consider this information in our
review  Additionally, Appellant provides no argument or cites any legal
authority to support his contention that the judgment of the trial court should
be reversed.  Because Appellant has failed to adequately brief this issue, he has
waived his complaint.  See Tex.
R. App. P. 38.1(i); Sierra v. State, 157 S.W.3d 52, 64
(Tex. App.–Fort Worth 2004), aff’d, 218 S.W.3d 85 (Tex. Crim. App. 2007)
(appellant waived argument that consisted of only four sentences with no
citations to any legal authority).  We therefore overrule Appellant’s fourth
issue.

 

Conclusion

            We
have overruled Appellant’s four issues.  We note, however, that the judgment
shows Appellant pleaded true to both enhancement paragraphs, but the record
shows that he pleaded not true.  We have authority to modify a judgment to
speak the truth when we have the necessary information before us to do so.  See
Tex. R. App. P. 43.2(b); Bigley
v. State, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); Asberry v.
State, 813 S.W.2d 526, 529 (Tex. App.–Dallas 1991, pet. ref’d). 
Therefore, we modify the trial court’s judgment to show Appellant pleaded not
true to the enhancement paragraphs.  We affirm the judgment of
the trial court as modified.

                                     Brian Hoyle

                                                                                         
Justice

 

Opinion
delivered July 29, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












                        [1] “[A] person
commits an offense if, without the effective consent of the owner, the person: 
(1) enters a habitation, or a building (or any portion of a building) not then
open to the public, with intent to commit a felony, theft, or an assault.”  See
Tex. Penal Code Ann. §
30.02(a)(1) (Vernon 2011).  Burglary is a state jail felony if committed in a
building other than a habitation, but is a felony of the second degree if
committed in a habitation.  Id. § 30.02(c).

 





                [2] Jordan
owns both a single wide and a double wide mobile home.  The single wide is
located next to the double wide on the same property.  Items were taken from
both mobile homes, but the evidence at issue primarily relates to the
television taken from the double wide.  The single wide was previously occupied
by a family member, but had been vacant for the last “couple of years.”  The
single wide had two bedrooms, a living room, kitchen, and bathroom, and
contained some furniture.  The bedroom had no beds and was used as a storage
area.  The single wide was set up for utilities, but Jordan had the water and
electricity turned off.