NO. 07-04-0300-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 20, 2006
_____

JAMES M. SHARP, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

NO. 2002-481284; HONORABLE RUSTY B. LADD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant James M. Sharp appeals his conviction of assault/domestic violence and sentence of 365 days in the Lubbock County Jail, probated for a term of 18 months, and a fine of $2000.00. We will affirm.

On July 1, 2002, the Lubbock County Sheriff's Office received a call regarding an unwanted guest trespassing at appellant's home. Sergeant Brian Taylor and Deputy Ray Short responded to the call. Appellant told the officers that his ex-girlfriend, Donna Lawson, had visited him that night. Appellant informed the officers that when he let Lawson in the

house, she yelled at him and he told her to leave. According to Deputy Short, appellant said that Lawson then threw a drink on him and tried to hit him. Appellant told the officers that in defense of the attack, he punched Lawson in the face.

While the officers were at appellant's residence, appellant received a telephone call from Lawson. Deputy Short spoke to Lawson at that time, and she told him that she wanted to file a report that appellant hit her while she was at his residence. Deputy Short and Sergeant Taylor went to Lawson's residence to take her statement. Lawson was visibly upset and crying when they arrived at her home. She told Deputy Short that appellant had invited her to his house and, when she arrived, they began to argue. She told the officers she left the house, realized that she had left her keys inside, and returned to retrieve them. She indicated that, once inside the house, appellant hit her with a closed fist on the face.

Appellant was charged by information with misdemeanor assault/domestic violence. At his jury trial, the State's case-in-chief was presented through testimony by Lawson, Short, Taylor and a sheriff's office investigator, Debbie Anderson. The jury also saw photographs of Lawson taken by Taylor. In her testimony, Lawson recanted her previous accusations against appellant regarding the incident and testified she had mental problems on the date in question for which she was eventually hospitalized. She stated that, on the date of the incident, she was chasing appellant and poured a large drink on him. She further testified appellant turned around and somehow she was struck. In her opinion, appellant had not committed a crime. The jury nonetheless found him guilty.

2

Appellant raises four main issues[1] in his appeal, contending the trial court erred by: (1) allowing the State to question Lawson about allegations contained in a divorce petition[2] she filed against appellant; (2) allowing Investigator Anderson to testify to statements Lawson made to her; (3) admitting evidence of appellant's prior indictment for aggravated assault; and (4) denying appellant's motion for a directed verdict because the evidence was insufficient to prove that he was guilty beyond a reasonable doubt.

We first address the sub-issues regarding the divorce petition. During the State's case-in-chief, the State asked Lawson about a divorce petition she filed against appellant containing allegations of domestic violence or abuse. In particular, the petition alleged a pattern of violence and threats against Lawson beginning in October 2001. The petition further alleged that, in January of 1999, appellant had engaged in a pattern of extreme and outrageous conduct that caused Lawson severe emotional distress. The trial court sustained appellant's objection to the admissibility of the actual divorce petition but allowed the State to question Lawson about its contents. Appellant argues the divorce petition was not admissible as the adopted statement of Lawson, that the State did not give appellant reasonable notice of its intent to introduce the evidence as required by Rule 404(b), that the testimony was not rebuttal evidence because it was admitted during the State's case-in-chief before appellant had presented evidence to be rebutted and, even if relevant, the probative value of the testimony was outweighed by the danger of unfair prejudice.

---

[1] Appellant has included various sub-issues under these main issues.

[2] Although Lawson was described as appellant's "ex-girlfriend," evidence showed she had filed a divorce petition against appellant.

It is the trial court's task to determine whether extraneous conduct evidence is relevant to a non-propensity purpose; the trial court's ruling is entitled to deference and will be reversed only for abuse of discretion. *Ransom v. State*, 920 S.W.2d 288, 300 (Tex.Crim.App. 1996) (op. on reh'g). The State urges the testimony regarding the divorce petition was appropriate because it was elicited from Lawson in rebuttal to the defensive theories of self-defense, accident, mistake, and fabrication by the complaining witness. *See Powell v. State*, 63 S.W.3d 435, 439 (Tex.Crim.App. 2001) (while evidence of other crimes, wrongs or acts may have a tendency to show character conformity, it may also be admissible for another purpose, such as rebuttal of a defensive theory); *Ransom*, 920 S.W.2d at 301 (extraneous offenses are admissible to rebut defensive theories).

The State also contends the admission of testimony concerning the divorce petition, if erroneous, was harmless, and we agree. The erroneous admission of an extraneous offense is non-constitutional error. *Johnson v. State*, 84 S.W.3d 726, 729 (Tex.App.–Houston [1st Dist.] 2002, pet. ref'd); TEX. R. APP. P. 44.2(a). If the error is not constitutional, we look to whether it affects substantial rights. TEX. R. APP. P. 44.2(b). A substantial right is violated when the error made the subject of appellant's complaint had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). If the error had no influence or only a slight influence on the verdict, it is harmless. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998); *see also* TEX. R. APP. P. 44.4; *Webb v. State*, 36 S.W.3d 164, 181 (Tex.App.–Houston [14th Dist.] 2000, pet. ref'd) (error that is neither constitutional nor affects a substantial right is harmless).

Deputy Short testified appellant told him that "[i]n defense of [Lawson's] attack on him, he punched her in the face." During Lawson's testimony regarding the incident, she said that appellant "turned around, and the next thing I know, I just kind of saw stars . . . . Well, the stars– well, I know that I just– I was hit, but I don't know exactly with what or anything like that." When asked whether she recalled telling Deputy Short or Investigator Anderson that appellant hit her with his hand, Lawson testified she "hurt" after the incident and "had a black eye." In response to one of the prosecutor's questions about the incident, Lawson stated, "I mean, I know that I–I was struck, but I mean, I don't know that it was a punch." Responding to a question posed by defense counsel, Lawson affirmed appellant was "sorry about what had happened."

As noted, during Sergeant Taylor's testimony, the jury was shown three photographs of Lawson. Taylor testified he took the pictures of Lawson on the night of the incident. The photographs reveal redness in Lawson's left eye and bruising around the eye. Taylor affirmed that "based on [his] experience as an officer and seeing many of these cases . . . this injury to Ms. Lawson's left eye . . . would be consistent with being punched . . . ."

The charge required, for a finding of guilt, that the jury find appellant did "intentionally, knowingly or recklessly cause bodily injury to DONNA LAWSON by striking the said DONNA LAWSON with the defendant's hand . . . ."[3] The evidence we have recited in the previous two paragraphs was admitted without objection, and was amply sufficient

---

[3] Section 22.01(a)(1) of the Penal Code provides a person commits an assault if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse . . . ."

5

to enable the jury to find appellant, at a minimum, recklessly caused bodily injury to Lawson. The State did not emphasize the divorce petition evidence in its argument to the jury. Having reviewed the entire record presented, we conclude Lawson's testimony regarding the divorce petition had no more than a slight effect, if any, on the jury's decision. *Johnson*, 967 S.W.2d at 417. We hold the potential error did not affect appellant's substantial rights and any error was, therefore, harmless. TEX. R. APP. P. 44.2(b). Appellant's first issue on appeal is overruled.

In his second issue, appellant complains the trial court erred by allowing Investigator Debbie Anderson to testify to statements Lawson made to her on August 16, 2002 and October 29, 2002, concerning acts of violence or abuse by appellant against Lawson. In determining whether a trial court erred in admitting evidence, we apply an abuse of discretion standard. *Mozon v. State*, 991 S.W.2d 841, 846-47 (Tex.Crim.App. 1999). "A trial court abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g).

Anderson's testimony was admitted under Rule of Evidence 613(a) as extrinsic evidence of Lawson's prior inconsistent statements. Appellant first argues Lawson unequivocally admitted making the statements to Investigator Anderson. Rule 613(a) provides that if the witness unequivocally admits making the prior inconsistent statement, extrinsic evidence of it shall not be admitted. As noted, during the course of the trial, Lawson recanted her prior accusations of violence by appellant against her. The trial court's remarks, as it admitted Anderson's testimony under Rule 613 and overruled

6

appellant's objections, make clear the trial court concluded that Lawson's statements were equivocal. The court's characterization of her testimony was not unreasonable. Lawson unequivocally admitted making statements to Investigator Anderson. When confronted with her prior statements, however, Lawson's answers in large part were not responsive. Instead, she either said she did not remember what she told Investigator Anderson or offered qualification and explanation. The court admonished Lawson during her testimony for offering explanations rather than answers. The court's decision to allow Anderson to testify to Lawson's prior statements was not an abuse of discretion. *Broden v. State*, 923 S.W.2d 183, 188-89 (Tex.App.–Amarillo 1996, no pet.).

In his second sub-issue, appellant argues Anderson's testimony regarding Lawson's prior statements to her constituted inadmissible hearsay. The State points to the language of Rule of Evidence 802 stating that hearsay is not admissible "except as provided by statute or these rules." Because Anderson's testimony was admissible under Rule 613(a), the State reasons, it comes within the ambit of the quoted language from Rule 802. We do not understand the State to contend, though, that Lawson's statements were of the types of prior statements described as excluded from the hearsay rule in Rule of Evidence 801(e). *See* 1 GOODE, TEXAS PRACTICE SERIES § 613.2 (3d ed. 2002) (noting that under Rule of Evidence 801, "only a small number of prior inconsistent statements are accorded favored treatment as nonhearsay"); 2 GOODE, TEXAS PRACTICE SERIES § 801.3 (3d ed. 2002).

As noted, the abuse of discretion standard applies to our review of a trial court's admission or exclusion of evidence. *Cunningham v. State*, 877 S.W.2d 310, 313

(Tex.Crim.App. 1994). Under that standard, we uphold a trial court's evidentiary ruling if it is correct under any theory of law applicable to the case. *Jones v. State*, 833 S.W.2d 118, 125 n. 15 (Tex.Crim.App. 2002) (also noting that "the mere fact that a correct ruling is given for the wrong reason will not result in a reversal"). *See also Calloway v. State*, 743 S.W.2d 645, 652 (Tex.Crim.App. 1988); *Parsons v. State*, 271 S.W.2d 643, 655 (Tex.Crim.App. 1953) (if ruling below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave an incorrect reason).

Hearsay is a statement, including a written statement, other than one made by the declarant while testifying at the trial, which is offered to prove the truth of the matter asserted. TEX. R. EVID. 801(d). "An extrajudicial statement or writing which is offered for the purpose of showing *what* was said rather than for the *truth* of the matter stated therein does not constitute hearsay." *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex.Crim.App. 1995) (emphasis in original). Our review of the record leads to the conclusion the testimony of Investigator Anderson could have been admitted for the purpose of showing what Lawson said rather than the truth of the matter stated. Thus, we uphold the trial court's ruling. *Jones*, 833 S.W.2d at 125 n. 15.

Finally, under his third sub-issue, appellant challenges Anderson's testimony as more prejudicial than probative. Appellant's initial argument under this sub-issue was based on the proposition that Lawson's testimony was unequivocal with regard to the statements made to Investigator Anderson. He contended Anderson's testimony simply allowed the State to present the same evidence a second time. In a reply brief, appellant additionally contends Anderson's testimony confused the issues for the jury. The approach

8

under Rule 403 is to admit all relevant evidence unless the probative value is substantially outweighed by the danger of unfair prejudice to a defendant.  *Montgomery*, 810 S.W.2d at 377 (citing TEX. R. EVID. 403).  In review of a trial court ruling under Rule 403, we are mindful that "the trial court judge is in a superior position to evaluate the impact of the evidence."  *Id*. at 378-79.  Neither of appellant's contentions demonstrates the trial court's judgment that the testimony of Investigator Anderson was more probative than prejudicial involved an abuse of discretion.  *Id*.  Appellant's second issue on appeal is overruled.  *Cunningham*, 877 S.W.2d at 313; *Jones*, 833 S.W.2d at 125 n. 15.

In his third issue on appeal, appellant argues the trial court erred by admitting evidence of a September 2002 incident[4] in which appellant allegedly committed aggravated assault against Lawson.  Appellant first argues the trial court erred by admitting evidence of the extraneous September 2002 assault because the State failed to demonstrate beyond a reasonable doubt that he committed the offense and refers this court to *Harrell v. State*, 884 S.W.2d 154, 158 (Tex.Crim.App. 1994).  The State asserts this contention was not preserved for review, and we must agree.  To preserve error for review, the complaint on appeal must comport with the objection made at trial.  *Thomas v. State*, 723 S.W.2d 696,

---

[4] Appellant's third issue asserts the trial court erred by admitting evidence of appellant's "prior indictment" for aggravated assault as a result of the September 2002 incident.  Appellant adduced the evidence of his indictment for that assault during cross-examination of Lawson and through the introduction of defendant's exhibit 1, a motion and order dismissing the cause.  Appellant's argument under his third issue goes to the admission of testimony concerning the actual events of the September 2002 incident.  Applying the precept that a reviewing court should consider a party's arguments supporting a point of error and not merely the wording of the point, *State v. Garland*, 963 S.W.2d 95, 101 (Tex.App.–Austin 1998, pet. denied), we direct our analysis to appellant's argument supporting his third issue.

700 (Tex.Crim.App. 1986); *Lusk v. State*, 82 S.W.3d 57, 60 (Tex.App.–Amarillo 2002, pet. ref'd). Otherwise, nothing is presented for appellate review. *Watkins v. State*, 946 S.W.2d 594, 600 (Tex.App.–Fort Worth 1997, pet. ref'd) (applying rule to appellate complaint that extraneous offense was not proven). Appellant does not cite us to his objection to the admission of evidence of the September 2002 assault on the basis that his commission of the extraneous acts was not established beyond a reasonable doubt, and our review of the record discloses no objection on that ground.[5]

Appellant next contends it was error to admit evidence of the September 2002 assault because the State failed to meet its burden to prove its admissibility. Specifically, appellant argues the State did not show evidence of the extraneous offense served any of the purposes listed in Rule 404(b). Appellant is correct that the State, as the proponent of the extraneous offense evidence, bore the burden of showing its admissibility, *Karnes v. State*, 127 S.W.3d 184, 189 (Tex.App.–Fort Worth 2003, no pet.), but we disagree that the State failed to meet the burden. The trial court reasonably could have found the evidence of a September 2002 assault of Lawson by appellant to be probative that her July injury for which he was being tried was not accidental. *See, e.g., Powell v. State*, 5 S.W.3d 369, 383 (Tex.App.–Texarkana 1999, pet. ref'd) (fact that extraneous conduct occurred after offense on trial does not render it inadmissible under 404(b)).

---

[5] We agree with the State that defense counsel's objection as recorded on page 6 of volume 4 of the reporter's record refers to the evidence supporting the *charged* offense, meaning the July 2002 offense for which appellant was being tried, not the extraneous September offense.

In his final sub-issue, appellant contends evidence of the September assault was more prejudicial than probative and the trial court erred by overruling his objection under Rule 403. He makes two arguments in support of his claim. The first is a reiteration of his contention that the State did not introduce "clear proof that the offense was actually committed and that it was committed by the Appellant." The second contends evidence of the September incident distracted the jury from its proper consideration of the July events. We disagree with both arguments. It is undisputed that Lawson and appellant were the persons involved in the September incident. Applying the analysis outlined in *Montgomery*, 810 S.W.2d at 395-97, we conclude appellant has not shown the trial court abused its discretion in its balancing of the probative value and potential for prejudice of evidence of the September incident. We overrule appellant's third issue on appeal.

Finally, appellant contends the trial court erred by denying his motion for a directed verdict because the evidence was insufficient to prove that appellant was guilty beyond a reasonable doubt.[6] He argues that "[s]ince the State's case was based solely on statements made by Donna Lawson to police officers and at trial, a reasonable doubt was raised by Ms. Lawson's own testimony that the Appellant did not assault her." A legal sufficiency challenge requires us to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the

---

[6] Although appellant phrases his challenge to the trial court's ruling on his motion for directed verdict as one of factual sufficiency, the law appears well-settled that a challenge on appeal to the denial of a motion for directed verdict is a challenge to the legal sufficiency of the evidence rather than its factual sufficiency. *Turner v. State*, 101 S.W.3d 750, 761 (Tex.App.–Houston [1st Dist.] 2003, pet. ref'd) (citing *Williams v. State*, 937 S.W.2d 479, 482 (Tex.Crim.App. 1996)). We will review appellant's final issue under a legal sufficiency standard.

essential elements of the crime beyond a reasonable doubt. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000).

The jury was entitled to believe the version of the events Lawson related to the officers rather than her version at trial. *See Bufkin v. State*, 179 S.W.3d 166, 170 (Tex.App.–Houston [14th Dist.] 2005, pet. filed) (discussing the jury's entitlement to believe or disbelieve a recanting witness's story of how the appellant acted in self-defense). Too, as noted, the evidence presented at trial went beyond Lawson's testimony and statements to officers. The State's case included three photographs of Lawson's injuries taken on the night of the incident, and Deputy Short's testimony that appellant acknowledged he punched Lawson. Based on this evidence a rational jury could find, beyond a reasonable doubt, that appellant committed the essential elements of assault. *King*, 29 S.W.3d at 562. We overrule appellant's fourth issue on appeal and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.